THE BOARD OF SUPERVISORS OF MILWAUKEE COUNTY, Respondent, vs. PABST and others, Appellants.

*September 25 — October 13, 1885.*

PRACTICE: APPEAL TO S. C.  *(1)  When time for appeal begins to run. (2, 3) Extension of time to file and settle exceptions: Discretion: County board a party.  (4) " Grounds" for extension.  (5) Time for serving amendments to bill of exceptions.*

1. Until the judgment is actually rendered and entered and the costs are taxed and inserted therein, the time within which an appeal may be taken does not begin to run.
2. Under sec. 2831, R. S., the trial court may allow exceptions to the findings to be filed and the bill of exceptions to be settled after the time limited therefor has expired.
3. An order allowing exceptions to the findings to be filed and the bill of exceptions to be settled after the expiration of the time limited, by a county board, plaintiff, on the grounds of a misunderstanding and of forgetfulness and sickness on the part of the district attorney, is *held* not an abuse of discretion.
4. The "grounds" shown by the affidavit upon which the time for taking any proceeding may, before its expiration, be enlarged (sec. 2831, R. S.), are *good* grounds, and the term is substantially equivalent to the " good cause shown " upon which the court may, after the expiration of the time, allow the proceeding to be taken.
5. An order to show cause why the service of a bill of exceptions should not be allowed after the expiration of the time limited, required the proposed bill to be served therewith, and it was so served as early as May 22.   On June 6, it was ordered that such service of the bill of exceptions be declared sufficient service, and that the opposite party have until June 13 to serve amendments, and that the bill of exceptions be settled June 15.  *Held* that the statutory time for serving amendments (ten days — sec. 2874, R. S.) was not shortened by such order.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon the special bond given by Edward Ehlers, as treasurer of Milwaukee county, for the safe keeping and disbursement of moneys in his hands belonging to the "Court House Fund," created pursuant to ch. 400, P. & L. Laws of 1871.  The defendants had judgment.  The subse-

quent proceedings are stated in the opinion. The order or rule to show cause, dated May 21, 1885, was granted upon the affidavits of John M. Clarke, district attorney of the county from January 1, 1883, to January 1, 1885, of W. C. Williams, district attorney during the year 1882 and since January 1, 1885, and upon other affidavits and the papers in the case.

For the appellants there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Sloan.* Upon the point that it was an abuse of discretion to allow the exceptions to be filed and the bill of exceptions to be settled as was done in this case, they contended that, under the language of sec. 2831, R. S., a stronger and better reason for the enlargement of the time must be shown if the time has already expired than if it has not; that the negligence and laches in this case on the part of both plaintiff and its attorneys were flagrant; and that forgetfulness is no excuse. *Ball v. Mander*, 19 How. Pr. 468; *Beebe v. Roberts*, 3 E. D. Smith, 194.

*W. C. Williams*, for the respondent.

Orton, J. Judgment in this case was entered and docketed in favor of the appellants, the defendants in the circuit court, and against the respondent, the plaintiff in said court, and notice thereof served on the 15th day of June, 1883, but was so entered as of the 5th day of October, 1882. The cause had been tried, and was finally decided on the 7th day of May, 1883, and the findings of fact and conclusions of law were filed on that day, and judgment was entered by the clerk on the same and docketed, as aforesaid, on the 15th day of June, 1883. The notice of the entry of said judgment served upon the district attorney states that the judgment was entered on the 5th day of October, 1882, and docketed June 15, 1883. An appeal was taken to this court from said judgment, June 15, 1885. The exceptions on the

trial were noted by the reporter according to a rule, and the practice of said court when objections were sustained or overruled, but no formal exceptions were taken by counsel otherwise, and no exceptions were filed to the findings and conclusions of law. On the 21st day of May, 1885, a rule was obtained by the plaintiff and respondent, returnable on the 23d day of the same month, that the defendants and appellants show cause why the time of filing exceptions to the findings and conclusions of law should not be extended so as to include the date of the hearing and decision of the rule, and why the exceptions to the findings and conclusions of law served with the rule should not be ordered filed, and why the time for serving a bill of exceptions should not be extended to include the time of the hearing and disposition of the rule, and why the bill of exceptions served at the time and with the rule should not be settled and signed, and such service declared a sufficient service thereof, and be ordered filed as the bill of exceptions in the cause. This rule was ordered served at least one day before the hearing thereof. The rule having been heard on affidavits showing excusable delay, by inadvertence, misapprehension, and sickness, an order was made on the 6th day of June, 1885, that the time for filing said exceptions be extended so as to include the 10th day of June, 1885, and that the exceptions so served with the rule be filed, and that the time of serving the bill of exceptions be extended so as to include said day, and that the service of the bill of exceptions with the rule, as aforesaid, be declared sufficient service, and that the defendants have until the 13th of June, 1885, to serve amendments thereto, and that the bill of exceptions be settled and signed on the 15th day of June, 1885. From this order the defendants have appealed to this court.

The objections thereto urged in this court are: (1) That the appeal from the judgment in the cause was not taken within the time prescribed by law. The judgment was act-

ually rendered, and entered so as to allow an appeal therefrom on the 15th day of June, 1883. The notice of the entry of such judgment served on the district attorney erroneously states that it was so entered on the 5th day of October, 1882. What effect the rendition of the judgment on the 15th day of June, 1883, *as of* the 5th day of October, 1882, may have upon the rights of the parties or any one else, if any,. it is not necessary to inquire; for it is certain that there was no judgment to appeal from until it was actually rendered and entered upon the findings on the 15th day of June, 1883, and the costs taxed and inserted therein. *Bonesteel v. Bonesteel,* 30 Wis. 151; *Cord v. Southwell,* 15 Wis. 211; *Smith v. Hart,* 44 Wis. 230; *Andrews v. Welch,* 47 Wis. 132; *Haseltine v. Simpson,* 61 Wis. 427. The appeal and the time of signing the bill of exceptions were within the two years prescribed by the statute.

The second objection is that the court could not extend the time of filing the exceptions. The statute (sec. 2831, R. S.) authorizing the court on motion and good cause shown, in discretion and upon terms, to allow any proceeding to be taken after the time limited by the statute, has but one exception, and that is for an appeal. Exceptions to the findings may therefore be allowed to be filed after the time fixed therefor by the statute. *Ottillie v. Waechter,* 33 Wis. 252; *Wisconsin R. Imp. Co. v. Lyons,* 30 Wis. 61. So a bill of exceptions may be allowed to be settled after the time has expired. *Kelly v. Fond du Lac,* 29 Wis. 439; *Pellage v. Pellage,* 32 Wis. 136; *Wood v. Blythe,* 42 Wis. 300.

The third objection is that the circuit court abused its discretion in so allowing the exceptions to be filed and the bill of exceptions to be settled after the time had expired. There never was any notice of the actual entry or rendition of the judgment on the 15th day of June, 1883, but only of the rendition of the judgment on the 5th day of October, 1882, and of the docketing of said judgment on the 15th

day of June, 1883, so that there was no notice of the rendition of the judgment from which an appeal could be taken. This defect in the notice appears to have been disregarded on the argument, and therefore, perhaps, it ought not to be considered. But the default is of the board of supervisors, a public body acting for the county, which ought not to be bound or prejudiced except by strictness of legal procedure. The district attorney had evidently forgotten the service upon him of such notice, such as it was, and there is no doubt that there was a misunderstanding between him and the board of supervisors as to the taking of an appeal. At all events, there is a dispute about it, and if the district attorney was in proper time directed to take an appeal by the board, and by his inadvertence or forgetfulness he failed to do so, the county ought not now to lose the benefit of its appeal by his failure to file exceptions and have a bill of exceptions settled in proper time, if it can be relieved without prejudice or injury to the rights of the defendants. The laches of the present district attorney is sufficiently excused by his sickness, physical disability, and necessary absence. We cannot say that the circuit court abused its discretion in making the order. *Cleveland v. Hopkins*, 55 Wis. 387; *Cleveland v. Burnham*, 55 Wis. 598; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86.

The difference in the phraseology in the first and subsequent part of the above section of the statute is not material. "Showing grounds therefor" and "good cause shown" must mean the same. No grounds, therefore, are shown for an enlargement of the time in any case, unless they are adequate, good, and sufficient in the judgment and discretion of the court, and they both mean good cause shown. There can be no difference unless the statute is so construed that the time may be enlarged before it has expired, on showing any grounds or giving any reason, good or otherwise.

The fourth objection is made to the order because it shortens the statutory time of serving amendments to the proposed bill of exceptions. The order in terms gives from the 6th day of June to the 13th day of June, 1885, to serve such amendments. But the proposed bill of exceptions was ordered to be served with the rule to show cause, and was presumably served as early as the day before the hearing of said rule, on the 23d day of May. "The party desiring to settle a bill of exceptions must prepare the same as proposed by him and serve a copy thereof on the adverse party. *Within ten days thereafter*, the adverse party may prepare and serve amendments thereto." R. S. sec. 2874. According to the statute, the ten days from the service of a copy of said proposed bill within which amendments might be served thereto had already expired when, by the order, the time was enlarged to the 13th day of June. The defendants accepted the terms of the order and served amendments within the time allowed. The time was enlarged rather than shortened.

We think that the circuit court had power to make the order appealed from, and that it was made in the exercise of a sound and reasonable discretion, and that the objections urged against it are not tenable.

*By the Court.*— The order of the circuit court is affirmed.