J. B. PUCKETT · v. J. A. GUNTHER, Appellant.

Correction of court records: APPEAL. The district court has power to correct its records to make them show the exact date at which a judgment was actually recorded, as determinative of the right of appeal; and it is not limited by Code, section 4093, to one year in which to make the order.

Appeal: WHEN PREMATURELY TAKEN. An appeal from a judgment taken upon notice served prior to the date the judgment was actually spread upon the record is ·premature and will be dismissed.

*Appeal from Blackhawk District Court.*— HON. FRANKLIN C. PLATT, Judge.

SATURDAY, DECEMBER 14, 1907.

REHEARING DENIED, TUESDAY, MARCH 17, 1908.

IN an action brought to recover damages for false and fraudulent representations in a contract for the exchange of properties, the plaintiff recovered judgment on a verdict of the jury against the defendant. Thereupon the defendant served notice of an appeal from such judgment, his abstract showing the judgment to have been rendered on May 26, 1905, and notice of appeal to have been served and filed on July 10th following. On January 7, 1907, the plaintiff applied by motion to the district court in which the judgment was rendered to have the record of such judgment corrected so as to show that it was not actually entered until October 1, 1905, and after hearing on this application, which was resisted by the defendant, the court made its finding in accordance with the contention of the plaintiff, and ordered that the clerk note on the record of the judgment that the same was entered of record on October 1, 1905. From this order the defendant has appealed, and the two appeals, the one from the original judgment, and the other from the order as to the record of entry of such judgment, are submitted together. Order directing entry of date of judgment affirmed. Appeal from the judgment *dismissed.*

*Reed & Tuthill* and *Courtright & Arbuckle,* for appellant.

*Mears & Lovejoy,* for appellee.

MCCLAIN, J.— We are concerned first with the question raised on the second appeal as to the right of a trial court to modify or change the record of the judgment involved in the first appeal so as to show that the judgment was not in fact entered until after notice of appeal from that judgment was served.

The claim of the appellee is that under Code, section 4127, the lower court had the power to perfect its record so as to show the facts with reference to the date of the entry of the judgment; but it is contended for appellant that this power exists only by virtue of statute, and that the time for

its exercise is limited by Code, section 4093, to one year.

1. CORRECTION OF COURT RECORDS: appeal.

The court has the inherent power, not only to correct or modify its records so as to make them speak the truth, but also to make them show a fact which may become essential in determining whether an appeal is premature or has been taken too late. Code, section 4127, is simply a statutory recognition of this power and a regulation of the method of its exercise. That section is found among those regulating procedure in the Supreme Court, and relates primarily, if not exclusively, to the perfection of the record for the purposes of an appeal. Without such statutory provision it might, perhaps, be doubtful whether, after the taking of an appeal, the trial court would have jurisdiction to modify the record already submitted to the Supreme Court, without a remand of the case to it for that purpose, or whether it would be competent for the Supreme Court to perfect such record upon a showing as to the facts. But the statutory provision removes all doubt. Code, section 4093, is in the chapter relating to proceedings to reverse, vacate or modify judgments in the trial court, and has no reference to the modification or perfection of the record of a judgment for the purpose of an appeal to the Supreme Court. It is provided in that section: "Proceeding to correct mistakes or omissions of the clerk shall be by motion and within one year." But this section must be construed with reference to the subject-matter of the chapter, and, evidently, the limitation does not apply to the proceedings under Code, section 4127, relating to the perfection of the record for the purpose of appeal.

It is further to be noticed that the proceeding now in question was not to correct any mistake or omission of the clerk in the entry of the judgment. It was proper for him to enter such judgement as of the date when it was in fact announced by the court. For many purposes the judgment when entered relates back to the time of its announcement, but for the purpose of appeal a judgment has no validity until actually entered of record, and in determining whether

the appeal was premature or too late the actual date of entry must be considered. *Hoffman-Bruner Granite Co. v. Stark*, 132 Iowa, 100. The proceeding was not therefore one to correct a mistake or omission, but simply one which became necessary for the purpose of the determination of the appeal to make appear of record a fact which for such purposes was essential to be shown of record.

We reach the conclusion, therefore, that the trial court had authority to direct the clerk to note upon the record in connection with the proceedings in the case the date upon
2. APPEAL: which the judgment was finally entered in the
when prema- record of the proceedings of the court, and the
turely taken. plaintiff does not question the correctness of the finding of the court with reference to the facts. It is apparent, therefore, that, at the time the defendant's notice of appeal from the judgment in the plaintiff's favor on the verdict of the jury was served and filed, there was no judgment entered on the record of the court from which an appeal could be taken, and under the authority of the case of *Hoffman-Brunner Granite Co. v Stark*, decided subsequently to the service of that notice, and *Thompson v. Great Western Acc. Ass'n* (decided at this term), 136 Iowa, 557, the appeal of the plaintiff from the judgment must be dismissed because prematurely taken.

The result is that on the appeal of the defendant from the order of the court directing an entry of the record of the date when the original judgment was made of record, such order is affirmed, and defendant's appeal from the judgment is *dismissed*.