Fauber v. Keim.

CATHARINE FAUBER, APPELLANT, v. HARRISON KEIM, APPELLEE.*

FILED APRIL 13, 1909. No. 15,471.

1. **Appeal**: FINAL JUDGMENT. A cause is not reviewable in this court on appeal unless a final order or judgment has been rendered and entered in the district court.

2. ———: ———. A final judgment is not disclosed by a journal entry which merely recites the submission of the cause to the court and concludes in the following language: "The court finds for the defendant and judgment of dismissal. Plaintiff excepts to findings and judgment."

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE. *Appeal dismissed.*

*Hall, Woods & Pound, W. E. Goodhue* and *J. T. Crew,* for appellant.

*C. L. Richards, C. H. Sloan, F. W. Sloan* and *J. J. Burke, contra.*

GOOD, C.

Plaintiff, a legatee under the will of Joseph Keim, deceased, brought this action to declare her legacy entitled to preference over other legacies provided for in said will, and to have it declared a lien on certain real estate owned by testator at his death, title to which real estate was subsequently acquired by defendant pursuant to provis-

* Rehearing allowed. See opinion, 85 Neb. ——.

ions contained in the will. Plaintiff has appealed from what she asserts is a final judgment entered by the district court dismissing her cause of action. The journal entry relied upon as constituting the judgment of dismissal is in the following language: "Now, on this 29th day of May, 1907, that being one of the days of the regular May, A. D. 1907, term of district court, in and for Thayer county, Nebraska, came now the attorneys for the parties to this action, and the cause having been taken under advisement, at a former term of this court, the court finds for the defendant and judgment of dismissal. Plaintiff excepts to finding and judgment."

To obtain a review in this court of the judgment of the district court there must be a final order or judgment rendered, and it cannot be reviewed prior to its formal entry upon the journal of the trial court. A mere memorandum of the trial judge is not sufficient. See *Hall County v. Smith*, 49 Neb. 274; *Hornick, Hess & Moore v. Maguire*, 47 Neb. 826; *Ward v. Urmson*, 40 Neb. 695.

The sufficiency of a journal entry claimed to be a final judgment must be tested by its substance, rather than by its form, but there are certain requisites of a judgment which cannot be dispensed with. The entry must purport to be an actual judgment conveying the judgment or sentence of the law, as distinguished from a mere memorandum, note or recital that a judgment has been or would be rendered. A mere order or direction or permission to a clerk to enter a judgment has not the force or characteristics of a judgment and will not support an execution. 1 Black, Judgments, sec. 115. The journal entry in this case amounts to no more than a finding for the defendant and an order for a judgment of dismissal or a recital that such judgment had been rendered. It does not show that there was any consideration or adjudication of the cause, and there is no entry conveying the sentence of the law or the judgment of the court. Under the record as presented there is no final judgment of the district court which can be reviewed on this appeal.

We therefore recommend that the appeal be dismissed.

Duffie, Epperson and Calkins, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the appeal is

Dismissed.