## HAHN v. CITIZENS STATE BANK, ET AL.

(No. 922; Decided April 1st, 1918; 171 Pac. 889.)
(Rehearing denied May 16th, 1918; 172 Pac. 705.)

APPEAL AND ERROR — PREMATURE APPEAL — JUDGMENT — ENTRY OF JUDGMENT—PRESUMPTION AS TO DATE OF ENTRY—RECORD—ORIGINAL AFFIDAVITS—APPEALABLE ORDER—ORDER DIRECTING VERDICT IS NOT APPEALABLE—"FINAL ORDER"—APPEALABLE JUDGMENT— "DISMISSAL OF APPEAL"—SPECIFICATIONS OF ERROR—TIME OF FILING AND SERVING—WORDS AND PHRASES.

1. The service and filing of notice of appeal under Laws 1917, Chapter 32, Section 2, prior to entry of judgment, is premature.

2. A judgment is properly entered on the journal as of the date of its rendition, notwithstanding that the entry was not actually made in the journal until after that date. It will be presumed that an entry was made on the date under

which it appears in the journal unless the contrary is shown by the entry itself, or by the record otherwise, and if it be deemed necessary or important to show when the judgment or order was actually entered on the journal if on a different date than that from which it appears to have been entered on the journal, that must be done by an amendment of the record.

3. The appellate court in considering a case is confined to the record on appeal and it is not competent to show merely by affidavits filed in the appellate court, the fact that the judgment or order appealed from was or was not entered, or when the entry thereof was made, thereby contradicting or supplementing the record.

4. An order directing a verdict is not a final order within the meaning of Compiled Statutes, 1910, Section 5107, and is therefore not appealable. But the action of the court in directing or refusing to direct a verdict or otherwise instructing the jury on the law of a case on trial, may be reviewed on appeal from the judgment rendered in the action which is a final order. (Compiled Statutes, Sec. 4606.)

5. Where the record shows that when an appeal was taken, the judgment had not been entered, the appeal must be dismissed.

6. Laws 1917, Chapter 32, Section 8, requiring appellant to serve and file specifications of error within ten days after the record on appeal is prepared, in view of Section 6 as to authentication covering the whole record, including specifications of error, prescribes the limit of time beyond which they may not be filed or served.

### ON PETITION FOR REHEARING.

7. Compiled Statutes, Section 5135, permitting practice of the common law to be adopted where necessary to prevent failure of justice where redress cannot be had under the code of civil procedure does not apply to authorize appellate jurisdiction of a case wherein no judgment has been entered of record in the court below.

8. Record entry of judgment in the court below, necessary for appeal, cannot be shown by entries upon the trial docket of the judge under Compiled Statutes, 1910, Section 4455; such docket not being the journal of the court, nor entries therein journal entries, required by statute for entry of judgment.

APPEAL from District Court of Sheridan County; HON. E. C. RAYMOND, Judge.

Action by Herman L. Hahn against the Citizens State Bank and T. C. Diers. Judgment for defendants and plaintiff appeals. Heard on motion to dismiss the appeal.

*Charles A. Kutcher* and *Camplin & O'Marr,* for respondent, in support of motion to dismiss.

An examination of the record shows that appellant has failed to comply with the requirements of the appeal act in two particulars, viz.: (a) Failed to comply with Section 2 as to the service of notice upon respondents within ten days from entry of judgment, and (b) failed to serve respondents and file with the clerk specifications of error within ten days after the record on appeal was prepared and filed as required by Section 8. The act clearly requires service of notice within ten days from entry of the judgment, not ten days from its rendition; the rule is mandatory. (Todd v. Peterson, 13 Wyo. 513, 81 Pac. 878; Eggart v. Dunning, 15 Wyo. 487, 89 Pac. 1022.) The limitation of time is jurisdictional. (Daily v. Anderson, 7 Wyo. 1, 48 Pac. 839.) There is a distinction between the entry and rendition of a judgment, substantial and important. An entry is prerequisite to the right of appeal. (Black on Judgments, Sec. 106; 2nd Pl. & Pr. 213, 248.) An appeal taken prior to the entry of judgments should be dismissed. (State v. Lamm, 69 N. W. 592; Chamberlain v. Hedger, 73 N. W. 75; Coburn v. Board, 74 N. W. 1026; Sickling v. Ry. Co., 74 N. W. 1029; Smith v. Hawley, 78 N. W. 355; Martin v. Smith, 78 N. W. 1001; Bank v. Oliver, 78 N. W. 1002; Neeley v. Roberts, 80 N. W. 130.) Notice served before appeal taken is improper. (Heil v. Simons, 28 Pac. 475.) A compliance with the statute is jurisdictional. (Muckle v. Columbia County, 108 Pac. 120; Stierlen v. Stierlen, 78 N. W. 990.) Time of entry of the judgment cannot be shown by an affidavit of the clerk. (Smith v. Hawley, 78 N. W. 355 (S. D.) Appellant failing to comply with Section 8 of the act by not filing and serving within ten days after the record on appeal was prepared, a specification of errors. Both of the foregoing requirements are jurisdictional. The appeal should be dismissed.

*R. P. Parker,* for appellants.

Notice of appeal was served on June 23rd. The case was finally disposed of on June 14th by a directed verdict; the order and verdict being entered of record. The order directing a verdict was one affecting a substantial right, determined the action and prevented a judgment and is therefore a final order. (Conradt v. Lepper, 78 Pac. 1.) The affidavit of the clerk here presented shows judgment was entered on June 13th. The clerk's record is the only source of information. The record is conclusive when questioned collaterally. (16 Cyc. 684.) The record itself shows, "Done in open court the 14th day of June, 1917," hence the notice of appeal on the 23rd of June is in time. The appeal act, Chapter 32, Laws 1917, provides for a review of any judgment or order theretofore reviewable by writ of error. Such orders are defined by Section 5107, Comp. Stats. The order in question was appealable within the definition found in the section. The specifications of error were served August 22nd; transcript was filed August 20th. Section 10 of the appeal act provides that notice shall be given to the judge within five days after the specifications are filed with the clerk. The trial judge resides at Sundance and could not have received notice before August 27th. The section also provides that the judge shall within fifteen days review the record. There was insufficient time. The record was filed in the Supreme Court on September 15th and presumably mailed from Sheridan on the 13th of August. Service of the specifications of error is not jurisdictional. Notice of appeal was served within ten days from the entry of the order directing the verdict, which was a final order and within ten days from the entry of judgment thereon. Specifications of error were served within ten days from the filing of the record by the clerk of the District Court, as shown by affidavit annexed. The motion should be denied.

*Charles A. Kutcher* and *Camplin & O'Marr,* in reply.

Judgment could not be entered on June 13th, which was one day prior to its rendition. An order directing a verdict

is not a final order and the case of Conradt v. Lepper cited by appellant does not sustain his contention. The appeal act permits a review of orders and judgments reviewable by error proceedings. An order is distinct from a final order. (Sections 4606, 5107 and 5109, Comp Stats. 1910.) The sections when construed together make it clear that the verdict is not a final order and therefore not appealable. It is merely a step in the progress of the trial, preliminary to and incidental to a judgment. An order sustaining a demurrer is not appealable. (Turner v. Hamilton, 67 Pac. 1117.) A finding of a right of possession in replevin is not a final order. (Gramm v. Fisher, 29 Pac. 377.) An order refusing to direct a verdict is not a final order. (Bussell v. City, 101 N. W. 1126.) There must be a final judgment. (School District No. 3 v. Tube Co., 80 Pac. 155.) The record cannot be aided by the affidavit of opposing counsel.

Potter, Chief Justice.

This case is brought to this court under the statute providing for a so-called direct appeal from the District Courts and prescribing the procedure therefor, enacted in 1917. (Laws 1917, Ch. 32.) That statute provides for the review by this court on appeal of any judgment or order theretofore reviewable by proceedings in error, but without repealing, modifying or changing the statutory provisions for a review by that method. Section 15 of the Act declares that its provisions are intended to provide for a direct appeal as a separate and independent method of reviewing civil and criminal causes in the Supreme Court, in addition to the provisions of law for reviewing such causes on proceedings in error. The case has been heard on a motion to dismiss the appeal, based on two grounds: 1. That no notice of appeal was filed or served within ten days from the entry of the judgment appealed from, as required by the statute. 2. That appellant did not serve upon the respondents or either of their attorneys the specifications of error within ten days after the record on appeal was prepared and filed.

The statute provides, in Section 2, that an appeal may be

taken by serving a notice in writing to such effect, signed by the appellant or his attorney, upon the opposing party or his attorney, "within ten days from the entry of the order or judgment appealed from," and that said notice of appeal shall be filed with the clerk of the District Court "where the order or judgment appealed from is entered, within said ten days.". The appeal was taken by the plaintiff in the court below who is here known as the appellant, the statute providing (Sec. 3) that the party taking the appeal shall be known as the appellant, and the adverse party as the respondent, but that the order of the title of the action shall not be changed. The contention of respondents as to the notice of appeal is that it was served and filed prior to the entry of the judgment appealed from and therefore prematurely.

It appears from the record on the appeal that there was a jury trial of the cause on June 14, 1917, resulting in a directed verdict for the defendants on that day, and that the notice of appeal was filed and served on June 23, 1917; the notice stating that the plaintiff desires to and will appeal to the Supreme Court from the order and judgment entered in said cause in favor of the defendants and against the plaintiff on the 14th day of June, 1917, and from the whole thereof. The fact of the trial and the verdict, and that the latter was directed by the court, is shown in the record by a transcript of the journal entry thereof under the date "Thursday, June 14, 1917." The record does not contain a transcript of the journal entry of the judgment, but immediately following the entry aforesaid showing the trial and verdict is a paper entitled "Judgment," under the title of the cause, and signed by the judge who presided at the trial, which recites the fact of the trial and verdict, and concludes with a form of judgment upon the verdict in favor of the defendants, ordering and adjudging that the plaintiff take nothing by his action and that the defendants recover costs. It is dated as follows: "Done in open court the 14th day of June, 1917." And it is endorsed by the clerk of the District Court as filed on July 14, 1917.

The date or time of the entry of the judgment on the journal or whether it was ever so entered is not shown by the record.  But attached to the motion to dismiss is an affidavit of the clerk to the effect that the judgment was actually filed for record in his office on July 14, 1917, and that it was entered and recorded in the records of the clerk's office some time between that date and July 16, 1917.. And attached to appellant's brief in opposition to the motion is an affidavit of appellant's counsel to the effect that the civil appearance docket in the clerk's office shows the date of the entry of judgment, under the heading, "Date 1917," as follows: "June 13. To Judgment 3-7-639." Respondents, at the time of or prior to the hearing on the motion filed another affidavit of the clerk explaining in effect that the date "June, 13" on said appearance docket was an error, and should have been "July 14," the actual date of filing the judgment, and that the notation was later corrected by drawing a line around "June 13" and writing "July 14" above it.  We find in the record a stipulation in the cause signed by counsel for both parties, dated June 20, 1917, reciting: "It is hereby stipulated by and between the parties to the above entitled action that the judgment in said cause may be signed by the presiding judge who tried the cause, the Hon. E. C. Raymond, at Newcastle, and then forwarded to the clerk of court for filing and record." And that stipulation appears to have been filed on July 14, 1917, the date of filing the form of judgment aforesaid.

The distinction between the rendition and entry of a judgment (see Black on Judg., Sec. 106; 15 R. C. L. 578-581; 18 Ency. Pl. & Pr. 450, 437-441; 23 Cyc. 835, 836; Daley v. Anderson, 7 Wyo. 1, 48 Pac. 839, 75 Am. St. Rep. 870) has been carried into our statutes.  They refer in many places to a judgment "given" or "rendered," and also to a judgment "entered" or the "entry" of a judgment.  They provide that all judgments must be entered on the journal of the court.  (Comp. Stat. 1910, Sec. 4267.) That in case of a jury trial judgment must be entered by the clerk in conformity to the verdict, unless the verdict is special or the

case is ordered reserved for future argument or considera-
tion. (Id., Sec. 4622.) That the court shall order what
judgment shall be entered upon a special verdict, or where
there is a special finding on particular questions of fact.
(Id., Sec. 4623.) That an index of all judgments shall be
kept showing, among other things, the year and term when
rendered and the page of the journal on which it is entered.
(Id., Sec. 4635.) That decisions and orders made out of
term or out of the county where the cause is pending shall
be in writing signed by the judge, filed with the proper
clerk and by the latter entered upon the journal, whether it
be an order, judgment or decree. (Id., Secs. 4461, 4464.)
That a recognizance for stay of execution shall be written
immediately following the entry of the judgment and signed
by the bail. (Id., Sec. 4671.) In the chapter of the Civil
Code providing generally for the review of judgments and
final orders on error, the time for commencing such pro-
ceedings is limited to one year after the rendition of the
judgment, or the making of the final order complained of,
with certain stated exceptions. (Id., Sec. 5122.) And by
the Act of 1917 aforesaid providing for the so-called direct
appeal, the appeal is required to be taken by filing and serv-
ing a notice within ten days from the "entry" of the judg-
ment or order appealed from.

To what extent or for what purposes generally a judg-
ment rendered or ordered may be complete and effective
without an entry need not be considered. But it may be
said that, although a judgment, upon its rendition, may be
final and valid as between the parties, effective for many
purposes and even enforceable, the entry thereof is gener-
ally held a prerequisite to the right to appeal. (1 Black on
Judg., Sec. 106; 2 Ency. Pl. & Pr. 248; 3 C. J. 612; 14
Standard Ency. Proc. 991, 992; 2 Tidd's Pr. 931; 3 Chit-
ty's Prac., 3rd Ed., 860; Elliott's App. Proc., Sec. 118;
Puckett v. Gunther, 137 Ia. 647, 114 N. W. 34; Sievertsen
v. Chemical Co., 160 Ia. 662, 133 N. W. 744, 142 N. W.
424; Board &c. v. Pabst, 64 Wis. 244, 25 N. W. 11; Ed-
wards v. Evans, 61 Ill. 492; Gilpatrick v. Glidden, 82 Me.

201, 19 Atl. 166; Fauber v. Keim, 84 Neb. 167, 120 N. W. 1019; Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436; Lister v. O'Rourke, 28 Mont. 129, 72 Pac. 416, 755; Pittsburg Steel Co. v. Streety, 60 Fla. 183, 53 So. 505; Trotti v. Kinnear (Tex. Civ. App.), 144 S. W. 326.) A judgment does not, as a rule, become a permanent record of the court until it has been entered, and especially must this be true where the statute requires that all judgments shall be entered on the journal, thus prescribing in effect what shall constitute the record evidence thereof. Where the statute requires an appeal to be taken within a stated period from or after the entry of the judgment, an appeal taken prior to the entry is held to be premature. (3 C. J. 1056, 1058; McLaughlin v. Doherty, 54 Cal. 519; Bell v. Staacke, 137 Cal. 307, 70 Pac. 171; In re. More's Est., 143 Cal. 493, 77 Pac. 407; Robinson v. Salt Lake City, 37 Utah, 520, 109 Pac. 817; Robertson v. Shine, 50 Wash. 433, 97 Pac. 497; State ex rel. v. Lamm, 9 S. D. 418, 69 N. W. 592; Daley v. Anderson, 7 Wyo. 1, 48 Pac. 839, 75 Am. St. Rep. 820.) It was held in Hays v. Dennis, 11 Wash. 360, 39 Pac. 658, that a notice of appeal after announcement of the court's conclusion, but before entry was sufficient. But in Robertson v. Shine, supra, where no formal judgment was entered an appeal was dismissed on the ground that no appeal would lie from a mere oral announcement of the court's conclusion, and the case of Hays v. Dennis was distinguished because in that case the notice of appeal was followed by an entry of judgment, the court, however, seeming to doubt the soundness of that decision, saying: "Conceding the case to be sound, it is not authority for an appeal in a case where no final judgment at all has been entered."

At common law, after verdict, a judgment having been signed by the master or prothonotary was required to be entered of record and docketed in order to charge the defendant in execution, or bind his lands, or to proceed against him by action of debt or *scire facias* on the judgment, or against his bail on their recognizance, or if a writ of error be brought. But execution might be issued before entry.

(2 Tidd's Pr. 931.)   And the same rule is stated in Chitty's Practice (page 860) as follows: "Although execution on a judgment may be issued before the judgment has been entered on the roll, yet it is necessary that such entry should be made, and the roll carried in and filed, in order to bring a writ of error on the judgment, or to proceed against bail on their recognizance, and for some other purposes." It is said in Elliott's Appellate Procedure (Sec. 118) that the general rule is that there must be an entry of the judgment before an appeal can be taken, and that, though there is some conflict in the decisions, it seems clear that the rule must be the correct one, "for until there is an entry of judgment there is no authentic record evidence of a final disposition of the case, and that there is a final judgment must, as a general rule, appear from the record." And the cases holding an appeal to be premature when taken before the entry of the judgment are usually based upon the principle that until its entry a judgment is not appealable.

If a judgment or order of the kind from which an appeal would lie should be appealable upon its rendition or when made, as those terms are generally understood with reference to a judgment or order, and prior to a record entry thereof, then, in construing a statute requiring an appeal to be taken within a stated time from or after the entry, it might, perhaps, be proper to apply the rule of interpretation, well sustained by authority where the subject matter permits its application, that such words of limitation are intended only as fixing the *terminus ad quem,* the limit beyond which the act may not be done or the notice may not be given, and not the *terminus a quo,* or the time at which the right to act or give notice commences. (Davis v. Miller, 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932; Bellion v. Durand, 39 Utah, 532, 117 Pac. 789; Cary-Lombard L. Co. v. Fullinwider, 150 Ill. 629, 37 N. E. 899; Merchants & Tr. Bank v. Mayor, 97 N. Y. 355; Chicago, S. & F. Cal. Ry. Co. v. Eubanks, 32 Mo. App. 184; Leader v. Plante, 95 Me. 339, 50 Atl. 54; 85 A. St. Rep. 415; Atherton v. Corliss, 101 Mass. 40; Young v. The Orpheus, 119

Mass. 179; Levert v. Read, 54 Ala. 529; In re. Wittkowsky's Land, 143 N. C. 247, 55 S. E. 617.) But we cannot doubt that the entry of a judgment or appealable order, except such, if any, as are not required to be entered, is essential to the right of appeal, in view of the statutory provisions requiring judgments and orders to be entered on the journal. (State ex rel. v. Seward, 16 O. C. C. 443.) Such an entry is evidently intended by the statute fixing the time for taking an appeal by filing and serving notice within ten days from the entry of the order or judgment appealed from. It is referred to in other places in that statute. Section 4 provides that the appellant shall have seventy days after the entry of the judgment or order to prepare and file a record for the appeal, which time may be extended for good cause shown. And Section 5 requires the transcript of the testimony, if such is desired, to be filed within seventy days from the date of the entry of the order or judgment, or within the time as extended. These several provisions, considered together, seem to contemplate that there shall be a record entry of the order or judgment appealed from before an appeal shall be taken. Clearly no record on appeal can show the fact or date of the entry before an entry has been made, nor can a proper record be prepared showing the judgment or order complained of unless and until the same has been entered, for that should be shown by a transcript of the journal entry.

We suppose it to be the custom to enter a judgment or order upon the journal as of the date or as a part of the proceedings of the day it was rendered or made or the decision or order was signed by the judge, notwithstanding that the entry is not actually made in the journal until after that date. And that we think is proper. (Hoffman-Bruner Granite Co. v. Stark, 132 Ia. 100, 108 N. W. 329; Puckett v. Gunther, 137 Ia. 647, 114 N. W. 34.) And it will be presumed that an entry was made on the date under which it appears in the journal, unless the contrary is shown by the entry itself or by the record otherwise. If it is deemed necessary or important to show when the judgment

or order was actually entered on the journal, if on a differ-
ent date from that upon which it appears from the journal
to have been entered, that must be done by an amendment
of the record. (See Hoffman-Bruner Granite Co. v. Stark,
supra; Thompson v. Great Western Accident Asso., 136 Ia.
557, 114 N. W. 317; Puckett v. Gunther, supra.) In the
cases cited it was held proper for the trial court to order
an amendment of the judgment record by requiring the
clerk to note thereon the date when it was entered.

This court, in its consideration of the case, is confined to
the record on appeal; and we do not think it competent to
show merely by affidavits filed in this court the fact that the
judgment or order appealed from was or was not entered
or when the entry thereof was made, thereby contradicting
or supplying a deficiency in the record in that respect. But
affidavits may, no doubt, be proper in support of a motion
to return the record for correction or to afford an oppor-
tunity for its correction or amendment in the District Court.

The statute prescribes what shall constitute the record on
appeal and how it shall be prepared and authenticated. If
it is desired by appellant to have rulings on the admission
or exclusion of evidence, or to question the sufficiency of
the evidence to sustain the verdict, finding, judgment, or
decision, or if the verdict, finding, judgment or decision is
alleged to be contrary to law, the statute requires the ap-
pellant to procure a transcript of the testimony certified to
by the official reporter as true and correct and file the same
with the clerk. (Laws 1917, Ch. 32, Sec. 5. Section 6
provides that the clerk shall prepare a record on appeal to
consist of the original pleadings, motions, demurrers, in-
structions given or refused, orders, verdict, finding, decision
or judgment, and the notice of appeal, or certified copies
thereof, securely attached together in chronological order,
and the transcript of the testimony if prepared and filed
and brought up on the appeal, and that to the whole thereof
shall be attached the specifications of error, "and when so
prepared, the whole record shall be paged and numbered
consecutively, and shall constitute the record on the appeal,

and shall be certified to by the judge and clerk of the District Court as true and correct." The record here is certified by the judge and clerk, respectively, "as a full, true and correct transcript of all papers filed and proceedings had in said cause." If entries upon the appearance docket, not embraced in the record as thus certified, are deemed necessary or proper, or a showing not appearing in such record as to the fact of the entry of the judgment or when made, the omitted matters, to be considered here, should be incorporated in the record by correction or amendment properly authenticated.

As previously stated, the record here does not contain a transcript of the journal entry of the judgment, or anything to show that it was entered. The only journal entry in the record ends with a recital and copy of the verdict. The statute, as above shown, authorizes the clerk to enter a judgment upon a general verdict without special findings, unless it is ordered reserved for future argument or consideration, though usually, we think, it is the custom here for the court to order a judgment upon such a verdict, and it may be customary for the clerk to wait for such an order before entering a judgment. It seems also to have become the practice for the judge not only to approve but sign orders and judgments prepared either by himself or counsel before they are entered on the journal. And the propriety of that practice is not to be doubted. Under some circumstances, as above stated, the statute requires an order or judgment or a direction that it be entered to be so signed and filed as well as entered on the journal. (Comp. Stat., Secs. 4461, 4464.) But such a paper is not the record evidence of a judgment or order required to be entered on the journal. Except where required to be signed or signed and filed its purpose is to aid the clerk in entering the matter upon the journal record, though when approved by counsel it has the additional value of preventing disputes about what was directed or ordered and the objections or exceptions thereto. (Sievertsen v. Paxton-Eckman Chemical Co., 160 Ia. 662, 133 N. W. 744, 142 N. W. 424; Cockrell v.

Schmitt, 20 Okl. 207, 94 Pac. 521, 129 Am. St. Rep. 737; State v. Linderholm, 90 Kan. 489, 135 Pac. 564; Beynton v. Crockett, 12 Okl. 57, 69 Pac. 869; Locke v. Hubbard, 9 S. Dak. 364, 69 N. W. 588.) The signing and filing of a decision, order or judgment pursuant to the statute when made out of term or by the judge in another county is intended, we think, as a substitute for an oral announcement or direction in open court, and to make clear and specific for entry on the journal the recitals and provisions of the order or judgment so made, rendered or directed.

The record here fails not only to show an entry of the judgment, it fails also show a rendition or ordering of judgment before the notice of appeal was filed and served. Although the paper signed by the judge entitled "Judgment" recites: "Done in open court the 14th day of June, 1917," it was not filed until July 14. The stipulation of counsel found in the record, dated June 20, 1917, that the judgment may be signed by the judge at Newcastle and then forwarded to the clerk for filing and record, seems to indicate that the actual signing occurred after that date. The most that can be said of the order thus signed is that it was an order for judgment to be entered as of June 14, 1917, made on the date when it was filed, there being nothing to show when it was actually signed. But by ordering judgment to be entered as of a prior date it certainly could not cut off or defeat an appeal within the statutory period after the actual entry of the judgment, nor can it be held to give effect to an appeal taken before any judgment was entered or ordered. (1 Black on Judg., Sec. 136; 3 C. J. 1058, Sec. 1056.)

Appellant contends that the direction of the verdict was an appealable order and judgment, and that the appeal taken within ten days after such direction of the verdict was therefore not premature. It is at least doubtful whether the notice of appeal can be construed as an appeal from the ruling or action of the court in sustaining the motions of the defendants for a directed verdict in their favor respectively and directing a verdict accordingly. But that ac-

tion or direction of the court was clearly not a judgment nor a final order as defined by statute. "A judgment is the final determination of the rights of the parties in action; and a direction of a court or judge, made or entered in writing, and not included in a judgment, is an order." (Comp. Stat. 1910, Sec. 4606.) And, so far as this case is concerned, a final order is defined as "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment." (Id., Sec. 5107.) The action of the court in directing or refusing to direct a verdict or otherwise instructing the jury on the law of a case on trial may be reviewed on appeal from the judgment rendered in the action. But the appeal can only be taken from a final order. This court has held that an order sustaining a demurrer to the petition in an action is not a judgment or final order upon which a proceeding in error can be based. (Menardi v. O'malley, 3 Wyo. 327, 23 Pac. 68; Turner v. Hamilton, 10 Wyo. 177, 67 Pac. 1117.) Also that a finding by the court is not a final order or reviewable without a judgment rendered thereon. (Gramm v. Fisher, 3 Wyo. 595, 29 Pac. 377.) And in School District v. Western Tube Co., 13 Wyo. 304, at page 327, 80 Pac. 155, 159, this court said: "It is fundamental that a proceeding in error does not lie upon a verdict or mere findings. There must be a final judgment before a proceeding in error is authorized. The proceeding must be taken from a judgment or final order."

The statutory provisions for entering judgment upon a verdict are enough to show that neither the verdict nor any ruling or instruction on the trial preceding it is intended by the statutory definition of a judgment as a final determination of the rights of the parties. Although a verdict is general, and directed by the court, it may be ordered reserved for future argument or consideration. (Comp. Stat. 1910, Sec. 4622.) And a judgment may be ordered for the other party upon his motion for a new trial or for judgment notwithstanding the verdict, if upon the trial he moved for a directed verdict in his favor, or requested an instruction to

that effect, and his motion or instruction was denied; should the court find that he was entitled to have a verdict directed in his favor. (Laws 1915, 'Ch. 134.) If the finding of the court in favor of one of the parties in a case tried without a jury, upon which a judgment would be authorized, is not a final order, or an order sustaining a demurrer to a petition, where the plaintiff refusing to plead further stands upon his petition, upon which also a judgment might be rendered, is not a final order, and we have no doubt of the correctness of the decisions to that effect, it is clear that the action of the court in directing a verdict, if properly called an order at all, is not a final order within the meaning of the statute defining that term. While the direction of a verdict may in a sense determine the action because requiring a verdict upon which a judgment may be ordered and entered, it is not a final determination of the action.

For the failure of the record to show that at the time the appeal was taken a judgment had been entered in the cause the appeal must be dismissed. And we might decline to consider the other ground of the motion relating to the serving of the specifications of error as unnecessary. But as the statute is new and its provisions concerning specifications of error appear in some respects to be inconsistent, we think it not improper to explain our present views upon the question presented by the motion. It is not contended that specifications of error were not prepared and filed or served, or that they were filed or served later than the time granted therefor by the statute. The contention is that they were served prematurely or before the time such service was authorized; the averment of the motion that appellants did not serve the specifications within ten days after the record on appeal was prepared and filed being based on a provision of the statute limiting the time therefor.

The reason for holding a notice of appeal premature when filed or served before the entry of the order or judgment appealed from does not necessarily apply with the same force to the filing and serving of specifications of error. The purpose of an assignment or specification of errors is to point

out the specific errors claimed to have been committed by the court below and relied on for a reversal, for the information of opposing counsel and the reviewing court. (3 C. J. 1329.) If, under our statute, an appeal has been properly taken from a judgment or order duly entered, and within the time allowed, and the record is in such condition as will permit of the references thereto required by the statute or rules, there would seem to be no substantial reason for denying the right to file and serve specifications of error before the record is filed, or for construing the statutory provision limiting the time for filing and serving the specifications as meaning anything more than limiting the time beyond which the specifications may not be filed or served. But while the statute provides in one section that the specifications shall be served and filed within ten days after the record on appeal is prepared and filed, it seems to provide in another section that such specifications shall be prepared and filed before the completion and filing of the record.

Section 8 of the act provides for filing and serving the specifications as follows:

"The appellant shall, within ten days after the record on appeal is prepared and filed, serve upon the adverse party, or his attorney, and file with the clerk of the District Court the specifications of error relied upon for a reversal of the cause on appeal, which shall be consecutively numbered, and shall designate the page of the record on which the ruling, decision, finding, order, verdict, or judgment complained of is to be found, and if error be assigned on the ruling of the court in admitting or rejecting evidence, the specifications of error shall designate the number of the question to which the ruling of the court complained of, refers."

Provision is made in Section 5 for procuring and filing, when necessary, a certified transcript of the testimony, with all rulings in the admission or exclusion of evidence or in directing or refusing to direct a verdict, to be incorporated in the record on appeal. The record in civil causes is provided for in Section 6 as follows:

"In civil causes appealed to the Supreme Court under the provisions of this Act, the clerk of the District Court shall prepare a record on the appeal which shall consist of the original pleadings, motions, demurrers, instructions given and refused, orders, verdict, finding, decision or judgment, and the notice of appeal in the cause, or certified copies thereof securely attached together in their chronological order, and if a transcript of the testimony is prepared and filed, and is brought up on an appeal, the transcript shall also form a part of the record on appeal, and to the whole thereof shall be attached the specifications of error, and when so prepared, the whole record shall be paged and numbered consecutively, and shall constitute the record on the appeal, and shall be certified to by the judge and clerk of the District Court as true and correct."

Although that section does not expressly provide for filing the record in the clerk's office when completed, there are other provisions of the act clearly showing the intention that when completed and authenticated it shall be filed. But it cannot properly be filed as the record on the appeal until it has been authenticated by the required certificate or certificates of the judge and clerk. And that authentication is to cover the whole record, including the specifications of error, as we understand the provisions of Section 6. As the specifications of error must therefore be prepared and left with the clerk, if not filed, before the record is fully prepared and left with the clerk, if not filed, before the record is fully prepared for authentication and filed, we fail to see any good reason for holding that the specifications may not then be properly filed and served, although before the record itself is or can be filed. In view of the purpose of the specifications of error, and the other provisions of the statutes, the provision of Section 8 that the specifications shall be filed and served within ten days after the record is prepared and filed, should, in our opinion, be construed as prescribing only the limit of time beyond which such specifications may not be filed or served; following the rule for the interpretation of such a provision referred to above in discussing the

provision limiting the time for taking an appeal. That seems to us to be the fair and reasonable interpretation of the words of the limitation in Section 8 as applied to the subject matter, viz.: the filing and serving of specifications of error.

The record here contains a transcript of the testimony endorsed as filed on August 20, 1917, and the specifications of error with the filing endorsement of the clerk showing it to have been filed on August 22, 1917. The specifications of error were served on opposing counsel on August 22, 1917. And the entire record, including the specifications of error, was certified by the judge and clerk, respectively, as true and correct on August 23, 1917. There is no endorsement showing the filing of the completed record, but, if necessary, it might be returned for correction by proper endorsement showing it to be filed as of the date when it was actually in the clerk's office for that purpose. While the motion to dismiss is not based upon the failure of the record to show that it was filed, counsel for respondents have called attention to the fact in their brief, and assume that it could not be filed or considered as filed until the date of the authentication certificates.

The appeal will be dismissed on the ground above stated, that no judgment is shown to have been entered when the appeal was taken by filing and serving the notice aforesaid.

*Appeal dismissed.*

BEARD, J., and BLYDENBURGH, J., concur.

### ON PETITION FOR REHEARING.

POTTER, CHIEF JUSTICE.

The motion to dismiss the appeal in this cause having been sustained (see 171 Pac. 889), the appellant has filed a petition for rehearing. The questions involved in the motion were very carefully considered and we see no reason for a different conclusion. The appeal was dismissed on the ground that the record failed to show that a judgment had been entered in the cause, and therefore that the notice of appeal was insufficient to give this court jurisdiction. The

only showing of a judgment by the record, as stated in the former opinion, was a paper purporting to have been filed July 14, 1917, entitled "Judgment," signed by the trial judge, reciting the trial and verdict, which the record otherwise shows occurred on June 14, 1917, and concluding with a form of judgment upon the verdict, and a statement as to its date as follows: "Done in open court the 14th day of June, 1917." But there was not a transcript or copy of the journal entry of the judgment in the record, nor anything to show that the judgment had been entered. The statute under which the appeal was taken provides for taking an appeal by serving and filing a notice thereof "within ten days from the entry of the judgment or order appealed from." And the notice of the appeal in this case was filed and served on June 23, 1917. We held that an entry of the judgment was essential under the statute to support an appeal.

It is now suggested by counsel for appellant that the judgment order signed by the trial judge appears to have been filed on June 13, instead of July 14, as stated in the former opinion. It bears a filing indorsement signed by the clerk with the date of filing, "July 14," written with pen and ink. Above and partly over that date is a pencil notation, "June 13." But we do not think the latter is to be understood as a change in the filing date. While there is nothing to show its purpose, we think it may have been intended to show the date under which the judgment was to be entered upon the journal, and that if it had been intended as a change in the date of filing such intention would have been made more clearly apparent. The paper could not have been actually or properly filed on June 13, for the case had not then been tried and was not in a condition for judgment. But it is unnecessary to conjecture what was intended by the pencil written date. Whenever filed that paper is insufficient to show an entry of the judgment, and is not the record evidence thereof for the reasons explained in the former opinion. In addition to the statutory provisions referred to in that opinion for entering judgments

and orders upon the journal, it is further provided by the statute that the clerk of the District Court shall keep a journal (Sec. 4273, Comp. Stat. 1910) ; that he shall "keep the journals, records, books and papers appertaining to the court, and record its proceedings" (Sec. 4278) ; and that "orders made out of court shall be forthwith entered by the clerk in the journal of the court, in the same manner as orders made in term." (Sec. 4279.)

The general rule is that the record must show the rendition and entry of an appealable judgment, decree or order, so that the jurisdiction of the appellate court may appear (4 C. J. 45), and there is nothing in the so-called direct appeal statute making that rule inapplicable. On the contrary, the provision for taking an appeal by filing and serving a notice within a prescribed period from the entry of the judgment or order appealed from makes it clearly necessary that the record on appeal shall show the entry of the judgment or order, and that the notice of appeal was filed and served within the time prescribed. It seems now to be argued that the statute providing for the record on appeal and designating the judgment as one of the things to be included in the record does not require a journal entry of the judgment or any journal entries. But the statute does require that the judgment shall be included in the record, and since the record of a judgment is the entry thereof upon the journal of the court, it is clear, we think, that it does in effect require a copy or transcript of such journal entry. And this is made more certain, if that be possible, by the several provisions of the statute referring to the "entry" or the "date of the entry" of the order or judgment appealed from, for the purpose of fixing the time for taking the appeal, for filing the transcript of the testimony when requested, and for preparing and filing the record on the appeal.

In Ohio, from which state our code of civil procedure is taken, under a statute requiring a party desiring to appeal a cause from the Court of Common Pleas to the Circuit Court to enter on the records notice of such intention within three

days after the judment or order is entered, it is held that the provision means that the notice must be entered on the records within three days after the judgment or order is entered on the journal. (Layer v. Schaber, 57 O. St. 234.) And that a memorandum of the trial judge on his docket of a notice of such intention to appeal is not a compliance with the statute because that is not an entering of the notice on the records of the court. (Moore v. Brown, 10 Ohio, 197; Bank of Circleville v. Bowsher, 15 O. C. C. 114.) The Ohio Supreme Court has also gone to the extent of holding that, in order to create a judgment lien upon lands as of the first day of the term at which a judgment is rendered, the judgment must not only be pronounced, but it must also be entered on the journal during the term. And the court say: "It is true that the two words 'rendered' and 'entered,' in their strict use, bear a clear difference in meaning and intent. Giving to these words such signification, a judgment may be said to be 'rendered' by a declaration from the bench; but to enter it requires the act of the clerk in writing it upon the journal. It is true, also, that for some purposes a judgment may be regarded as rendered so soon as it is pronounced. * * * * The requirement that all judgments must be entered on the journal carries the implication that until that is done the judgment is incohate only; it is incomplete. Though possessing the character of potentiality it lacks the character of actuality, and hence is without probative force." ('Coe v. Erb, 59 O. St. 259.)

Counsel states that since no motion for new trial was presented to the trial court the appellant is not in a position to have the case reviewed by proceeding in error, and, in that connection, calls our attention to Section 5135, Comp. Stat. 1910, and asks that the provisions thereof be applied here, if it is to be held that the record provided for in the direct appeal statute is not complete enough to enable a review of this case. The record provided for by that statute is certainly sufficient for the review of a case properly brought and perfected under it. The difficulty with this case is that the appeal is not properly brought and perfected

under the statute, for the reason that the record fails to disclose the entering of a judgment in the cause, or that the notice of appeal was filed and served within the prescribed period from the entry of the judgment.  Section 5135 thus referred to by counsel, which is found in the code of civil procedure, provides: "If a case ever arise in which an action or proceeding for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under the code of civil procedure, the practice of the common law may be adopted, so far as it may be necessary to prevent a failure of justice."  That section is clearly not applicable, and cannot be held to authorize the exercise of jurisdiction to pass upon the merits of this case on appeal by assuming, without a proper showing by the record, that a judgment was duly entered therein and that the appeal was properly taken and perfected.  But at common law, as explained in the former opinion, a writ of error could not be brought for the review of a judgment until it had been entered of record.

It is further suggested that there is no provision in the direct appeal statute as to who shall make the entry of the judgment or order, or that prescribes the form of judgment provided for.  Neither was necessary.  When the statute was enacted the statutory provisions referred to in this and the former opinion were in force, requiring all judgments and orders to be entered on the journal by the clerk, and it was provided by Section 4627, Compiled Statutes of 1910, that such judgments and orders shall clearly specify the relief granted or order made.  But there is attached to the petition for rehearing a certified copy of certain pages of the civil trial docket, prepared no doubt for the use of the district judge under Section 4455, Comp. Stat. 1910, on which appears to have been entered under appropriate headings, the number of the cause, the names of the attorneys and parties, respectively, the kind of action, and, under the heading, "Date of Proceedings," "June 14," and under the heading of "Judge's Notes," the following: "Jury impaneled; motion sustained as to Deft. Citizens State

Bak, overruled as to Diers. Jdgmt. for Defts." And it is insisted that such memoranda show or constitute the entry of a judgment in this cause. The entries of the date and proceedings may be presumed to have been made by the trial judge. But while such memoranda might be taken to show that a judgment was ordered and perhaps also the date thereof, and might authorize an entry of the judgment or, if that was neglected, an order for an entry *nunc pro tunc,* it cannot be taken or considered as a substitute for an entry of the judgment on the journal required by statute. The trial docket is clearly not the journal of the court, nor are the entries on such docket by the judge or clerk journal entries.

Counsel asks in this connection that the record be returned to the District Court for an amendment so that the entries on said docket may be properly made a part of the record. Since, if contained in the record, they would not, for the reasons stated, show the entry of judgment, nothing would be gained by returning the record for the suggested amendment. And therefore we think the request should not be granted, even if made in apt time, which we need not decide. Had application been made, at least before the motion to dismiss was decided, to return the record to the District Court for amendment or correction so as to show the entry of the judgment, accompanied by a showing that the judgment had been entered and at such time or under such conditions as to give effect and validity to the notice of appeal, such application, we think, might have been granted. This court has been quite liberal in permitting the return of bills of exceptions for amendment, as illustrated by several reported cases. And in two cases that was done upon application made at the time of filing a petition for rehearing, to allow the plaintiff in error an opportunity to apply in the District Court for amendments curing certain defects in the bill which had caused the dismissal of the error proceeding in one of the cases and an affirmance of the judgment in the other. And in each case the amendment was allowed by the District Court and upon the re-

turn of the bill as amended the case was heard and decided upon its merits.   We refer to Royal Insurance Co. v. Lumber Co., 23 Wyo. 264, 148 Pac. 340, 24 Wyo. 59, 155 Pac. 1101, and McCague Investment Co. v. Mallin, 23 Wyo. 201, 147 Pac. 507, 170 Pac. 763.   Whether an application to amend a record on appeal, under the direct appeal statute, could properly be granted after an order dismissing the appeal, when made in connection with a petition for rehearing accompanied by a showing which would justify the return of the record for amendment if applied for in time, we do not decide.   No such application has been made, except to amend by inserting a transcript of certain entries in the civil trial docket above mentioned, which ought not to be granted even upon timely application, for it would not show the entry of judgment.   The petition for rehearing must be denied.

BEARD, J., and BLYDENBURGH, J., concur.