STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, v. FIRST STATE BANK OF PAWNEE CITY, APPELLEE: DAVID W. OSBORN, GUARDIAN, APPELLANT.

FILED APRIL 10, 1931. No. 27557.

*Dort & Witte* and *F. H. Wagner*, for appellant.

*C. M. Skiles* and *I. D. Beynon*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Petitioner, David W. Osborn, guardian of Frank M. Tannyhill, an incompetent, brought this action in the district court for Pawnee county against the receiver of the First State Bank of Pawnee City, asking that certain deposits of United States compensation and insurance funds, made by him as such guardian in such bank while the same was operated as a going concern, be decreed to be the funds of the United States and entitled to the priority provided by section 3466 of the Revised Statutes of the United States. Petitioner has appealed from what he asserts is a final judgment adverse to him, and which, according to the transcript filed herein, is in the following language: "Thereafter, to wit, on the 27th day of February, 1930, the court, after having said cause under advisement, finds for the receiver and against the said David W. Osborn, guardian."

To obtain a review in this court of a judgment of the district court, there must be a final order or judgment rendered, and it cannot be reviewed prior to its formal entry upon the journal of the trial court. *Hall County v. Smith*, 49 Neb. 274. All here presented for review is a "finding."

"The * * * findings of a court * * * do not constitute a judgment, but merely form the basis upon which the judgment is subsequently to be rendered. * * * A finding is not a judgment any more than is the verdict of a jury. Such findings or decision amount only to an order for judgment, and are subject to modification or change until embodied in a definitive written order of the court." 33 C. J. 1052.

This rule has been expressly approved in part in this jurisdiction. *Fauber v. Keim*, 84 Neb. 167.

Under the record as here presented, there being no final judgment of the district court which can be reviewed, the appeal is, therefore, dismissed.

APPEAL DISMISSED.