## DETERMINED IN

# THE SUPREME COURT.

### OF THE

## STATE OF WYOMING.

**APRIL TERM, 1897.**

## DALEY v. ANDERSON ET AL.

STATE BOARD OF CONTROL — ENTRY OF DETERMINATION IN ITS
RECORDS—APPEAL FROM — COMPUTATION OF TIME—JUDGMENT—
JURISDICTION ON APPEAL FROM BOARD—ADMISSIONS—MEANING
OF "MONTH" AND "CALENDAR MONTH."

1. The word "month," when used in the statutes of this State, means a calendar month.

2. The term "calendar month" means a month as designated in the calendar, without regard to the number of days it may contain.

3. In computing time under the statutes of this State, which require the first day to be excluded and the last included, a month from August thirtieth begins at the last moment of that day.

4. A term of months expires on the day of the last month corresponding to the day of the month in which the term began, and if the last month has not so many days, then on the last day of that month.

5. Under the statute requiring the petition in the case of an appeal from the State board of control to be filed within six months after the appeal is perfected, where the appeal is perfected August 30, the petition filed February 28 is filed in time. (L. 1890-91, Chap. 8, Sec. 30.)

6. Entry is not essential to the validity of a judgment, but it is, as a general rule, a prerequisite to the right of appeal.

7. Although there is no other showing, the entry in the records of the board of a determination by the board of control will not be deemed to have been made at the date of such determination.

8. The determination of the board of control, and the entry thereof in its records, are two separate acts; and the time in which an appeal may be taken does not begin to run until the entry in the records. (L. 1890–91, Chap. 8, Sec. 28.) ·

9. A recital in the undertaking on appeal from a determination of the State board of control, executed by appellant, to the effect that such determination was entered in the records of the board during the month of June, 1893, that being the only evidence showing the date of entry, is an admission of the appellant that it was entered not later than June 30.

10. The statute requiring notice of appeal to be filed within sixty days of the determination of the board and the entry thereof in its records; where the entry was made not later than June 30, a notice filed on August 30 is not filed in time.

11. The provision which limits the time of appeal is jurisdictional in its nature, · and the time can not be enlarged by the court nor by agreement of the parties; and where a notice of appeal from a determination of the State board of control is not filed within the time prescribed by law, the district court is without jurisdiction to entertain the appeal.

[Decided April 26, 1897.    Appeal from State Board of Control to ⸴ District Court taken August 30, 1893.]

ERROR to the District Court for Carbon County, HON. JESSE KNIGHT, Judge. ·

William Daley appealed to the District Court from a decision of State Board of Control determining the priorities and amounts of appropriations of water from Separation Creek in Carbon County.    The District Court sustained a motion to dismiss the appeal.    From the order dismissing the appeal, Daley brought the case to the Supreme Court on error.    Patrick Anderson and Robert Taylor were defendants in error.    The facts are stated in the opinion.

*Mc Micken & Blydenburgh*, for plaintiff in error.

The word "month" means a calendar month. (L. 1888, Chap. 3, Sec. 3.) The time within which an act is to be done must be computed by excluding the first day and including the last. (Rev. Stat., Sec. 2341.) The day on which the appeal was perfected is to be excluded in computing the time for filing petition. (L. 1890–91, Chap. 8, Sec. 30.) The six months from August 30 would expire February 28 following. A calendar month which begins on any day other than the first day of a month, ends at midnight on the same date numerically less one of the next succeeding months; and a calendar month "after" or "from" any date other than the first of a month, ends at midnight on the same date numerically of the next succeeding month; and six calendar months at midnight on the same date of the sixth month after the date; but, as February had but twenty-eight days in 1894, the six months from August 30, 1893, did not expire until midnight of February 28, 1894. (Avery v. Pixley, 4 Mass., 459; Williamson v. Farrow, 1 Bailey, L. 611, 21 Am., Dec., 492; Glove v. Hare, 4 Neb., 131; Mc Ginn v State, 46 Neb., 434, and cases there cited; Lester v. Garland, 15 Ves., Ch. 248; Brewer v. Harris, 5 Gratt., 285; Tramway Co. v Asso'n, 1 Q. B., 402 (1891), Hardy v. Ryle, 9 B. & C., 603; Guaranty & Co. v. Buddington, 27 Fla., 215; Watson v. Pears, 2 Campbell, 294; Com. v. Maxwell, 27 Pa. St., 444; Guaranty etc., Co. v. R. R. Co., 139 U. S., 137; Att'y. Gen'l of Wyo. Rep. 1893–1894, p. 82.)

*Lacey & Van Devanter*, for defendants in error.

The jurisdiction of the District Court over cases like this is wholly appellate. (Const., Art. 8, Sec. 2.) Such jurisdiction can not be conferred by consent of parties, and can only be acquired by a compliance with the statute regulating and providing for the appeal. The filing of the notice and bond is jurisdictional. They should have

been filed August 2, 1893, but were not filed until August
30.   Even had the notice and bond been filed in time, the
petition was not.   It is conceded that six months means
six calendar months.   There are but twelve calendar
months in a year, so when any period of six calendar
months is taken therefrom there must be a remaining
period of six calendar months.   Excluding August 30,
there remained one more day in August; and including
February 28, the time from taking the appeal (August
30) included August 31, and every day of each of the six
calendar months from September to February inclusive.
Therefore, there were six full calendar months and one
day in addition.   None of the authorities cited by plain-
tiff in error have any bearing here except the quotation
from 46 Neb. from the English case of Migotti v. Colvill,
4 L. R. C. P., Div. 233.   The reasoning there, it is sub-
mitted, is not good.

CORN, JUSTICE.

This case arises upon an alleged erroneous ruling of the
district court of Carbon County in sustaining a motion of
the defendants in error to dismiss an appeal taken by
plaintiff in error from an order of the State Board of Con-
trol, determining the priorities and amount of appropria-
tions of water from Separation Creek in that county.

The order, as appears by a certified copy of it, was
made June 3, 1893.   The plaintiff in error filed his notice
and undertaking on appeal under Sect. 28, Chap. 8, Laws
of 1890–91, on August 30, 1893, and his petition under
Sect. 30 on Feburary 28, 1894.

At the hearing the defendants in error presented their
motion to dismiss the appeal for the reason " that plain-
tiff and appellant's petition in appeal was not filed within
the time by law provided," and the district court sus-
tained the motion and dismissed the appeal.

The statute, Sec. 28, Chap. 8, Laws 1890–91, pro-
vides that " the party or parties appealing shall, within
sixty days of the determination of the board of control,

which is appealed from, and the entry thereof in the records of the board, file in the district court to which the appeal is taken, a notice in writing, stating, etc., and upon the filing of such notice the appeal shall be deemed to have been taken."

Sec. 30 provides that the appellant shall, within six months after the appeal, as provided for in Secs. 27, 28, and 29, is perfected, file in the office of the clerk of the district court a petition setting out the cause of the complaint.

The first question presented is whether the filing of the petition on February 28, 1894, complies with the requirment of the statute that it shall be filed within six months after taking the appeal, August 30, 1893.

It is conceded, and our statute provides, that the word "month," when used in the statutes of this State, means a calendar month. The defendant in error contends that the period from August 30 to February 28 includes the six calendar months of September, October, November, December, January, and February and one day, the 31st of August, in addition, and, it is argued, there being twelve calendar months in the year, that if six be taken away there must be six remaining. But, that deducting the six months from September to February inclusive, and the last day of August, as in this case, the remainder would be one day less than six months, and that consequently the period from August 30 to February 28 must be one day more than six months, and that therefore the filing was not in time, and that this fact is jurisdictional.

This reasoning is ingenious, to say the least, and we have found no American case where the precise point is decided. We are referred, however, to the English case of Migotti v. Colvill, 4 L. R. C. P. Div., 233, where the same reasoning was employed and the court decided adversely to the position of the defendant in error.

The real question is, What is the proper method of computing one or more calendar months? The term calendar month is used to distinguish it from the lunar month, and means a month as designated in the calendar, without

regard to the number of days it may contain. In commercial transactions it means a month ending on the day in the succeeding month corresponding to the day in the preceding month from which the computation began. By our statute the first day is excluded and the last included, so that a month from August 30 would begin at the last moment of August 30. And this is the reasonable and proper method of computation in all cases arising under our statute. But the confusion occurs in this case from the fact that the computation begins near the close of the month, and that the months are not of uniform length. The computation beginning on August 30, it would probably not be questioned that two months would end with October 30. And this would meet the demand of defendant's argument that after taking away two months there should be ten months remaining of the year. But it would seem equally clear that computing from the same date one month would end with September 30. But in order to have eleven calendar months remaining and answer the demands of defendants' argument, the whole month of August must be included, and that would require that the 31st day of August be counted twice in the year — first to make the one calendar month, and afterward to complete the eleven calendar months. And so, if the computation begin with August 28 it will not be questioned, I think, that six months would end with February 28 following. But in order to have six calendar months remaining, the whole of the months from March to August, inclusive, must be counted, and again three days at the end of August would need to be counted twice to make up the twelve calendar months. But if it be contended that the whole of the month of February having been exhausted in completing the first six months, the computation of the last six months must begin with March 1, then the first day of March being excluded from the computation by the statute would be entirely lost, and the last six months would be short by one day. I think these illustrations sufficiently show that it is impracticable to apply the

method of computation insisted upon by the defendants in error.

But if it be kept in mind that it is to be a computation by months and not by days the difficulty of arriving at a reasonable and convenient rule in a great measure disappears. The rule approved by the English court in the case of Migotti v. Colvill, *supra*, is, in substance, that the term of months expires on the day of the last month corresponding to the day of the month in which the term began, and if the last month has not so many days, then on the last day of that month. This seems to be the true and reasonable method of computation, and in cases under our statute the term does not expire until the last moment of the day. The petition filed on February 28 was therefore filed within six months from August 30.

But it is further objected by the defendants in error that the notice of appeal was not filed within sixty days of the determination and entry thereof in the records as required by law. There is no direct evidence showing when the entry in the records was made. The determination as appears by the transcript of the record was made on June 30. The transcript does not state when it was entered. Counsel for defendants in error insist that in the absence of any other showing it must be deemed to have been entered at the date of the determination. I do not think so. "Entry is not essential to the validity of the judgment, but it is as a general rule a prerequisite to the right of appeal." 1 Black on Judgments, Sec. 106. The statute giving the right of appeal in this case follows the general rule, and provides that the appeal shall be taken "within sixty days of the determination of the Board of Control and *the entry thereof in the records* of the board." It clearly contemplates the two acts as separate, and that the time in which the appeal may be taken does not begin to run until the entry in the records. The only evidence in the case showing when it was entered is a recital in the undertaking on appeal executed by the plaintiff in error, which recital is, "said determination and decree having

been made and entered in the records of the State Board of Control during the month of June, A. D. 1893.''

Under any construction of this language it is an admission of the plaintiff in error that it was entered not later than June 30. Excluding the first day and including the last, under the rule prescribed by the statute, there elapsed thirty-one days of July and thirty days in August, making sixty-one days from the entry to the filing of the notice of appeal, or one day more than the time allowed by the statute. ''The time within which an appeal must be taken is fixed by law, and the appeal must be taken within the time designated. The provision which limits the time is jurisdictional in its nature. The time can not be enlarged by the court nor by the agreement of the parties.'' Elliott's App. Proc., 111. It was intimated in the argument of the case in this court that for some reason this objection to the jurisdiction was not urged, and perhaps not presented, in the court below. That if it had been it would have been successfully met by the plaintiff in error. We have no knowledge of any circumstances which would have excused the failure of the plaintiff in error to file his notice of appeal within the time prescribed by the statute. The objection is made here, and seems to be covered by the general terms of the motion presented to the district court. It appears to this court that the notice was not filed in time, and that the court below was entirely without jurisdiction to entertain the appeal.

The judgment dismissing the appeal must therefore be affirmed. *Judgment affirmed.*

CONAWAY, C. J., and POTTER, J., concur.