HATTIESBURG GROCERY CO. *v.* TOMPKINS.

[71 South. 866.]

1. TIME. *Computation. Days excluded. Limitations. "Next". Fraction of days.*

Under Code 1906, section 3103, providing that all actions on judgments of court of record shall be brought within seven years, "next" after rendition thereof, and not after, and section 1606,

providing that in all cases not specially mentioned when any
specific number of days shall be prescribed, one day shall be
excluded and the other included, where judgment was rendered
on Oct. 31, 1907, and suit thereon was begun Oct. 31, 1914, such
suit was not barred by limitations, since the first day is ex-
cluded by the use of the word "next" in section 3103.

2. TIME. *Fractions of days. Limitations.*

The law does not recognize any fractional part of a day in com-
puting the period for the bar of an action by lapse of time.

APPEAL from the circuit of Forrest county.

HON J. M. ARNOLD, Judge.

Suit by the Hattiesburg Grocery Company against J.
C. Tompkins. From an order overruling plaintiff's de-
murrer to defendant's plea, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Sullivan, Conner & Sullivan,* for appellant.

*John T. Haney,* for appellee.

SYKES, J., delivered the opinion of the court.

On the 31st day of October, 1907, the appellant, the
Hattiesburg Grocery Company, recovered a judgment in
the circuit court of Forrest county against J. C. Tomp-
kins, the appellee, in the sum of three hundred and
thirty-four dollars and sixty-four cents. On the
thirty-first day of October, 1914, the appellant
filed this suit on the judgment in the circuit court of
Forrest county, the declaration being filed on that day
and process issued and served upon the defendant, J.
C. Tompkins, on that day. The defendant, the appellee
here, pleaded the statute of limitation of seven years.
Plaintiff demurred to the plea, and the lower court over-
ruled the demurrer, from which judgment appellant
prosecutes this appeal.

Section 3103 of the Code of 1906 is as follows:

"All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

It is the contention of the appellant that the seven-year statute of limitations did not begin to run against this judgment until the day after its rendition. In other words, that in counting the seven years, the court should exclude the first day from the count. It is admitted by the appellee that the judgment was not barred, provided this first day should be excluded. The appellee, however, contends that a proper construction of the statute is to include the day the judgment was rendered.

Section 1606 of the Code of 1906 states how time is computed in certain instances, but not in the one under consideration, and further states:

"And in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included."

While a number of states have statutory enactments providing for the inclusion or exclusion of certain days, we find that Mississippi has none governing this cause. The authorities are somewhat divided on the proposition, but the weight of authority is to the effect that the first day should be excluded from the count. The theory of the law is that the entire time of seven years should elapse before the claim is barred by the statute of limitations. This law should be most favorably construed in favor of keeping the judgment alive for the full period. While the law, as a general rule, recognizes no fraction of a day, at the same time, as a matter of common knowledge, we know that courts do not convene before eight or nine o'clock in the day. Therefore, in this case, the judgment certainly could not have been taken until eight or nine hours after October 31, 1907, had begun, and to hold that this day should be counted

would be in effect to deprive the appellant here of at
least a fractional part of a day to which he is entitled
under the law. Since the law knows nor recognizes any
fractional part of a day in a case of this kind, and since
the statute of limitations should be most liberally con-
strued to keep the judgment alive as long as possible,
it is our conclusion that justice demands that the court
hold that the first day should be excluded. This may
perhaps keep the judgment alive for a few hours longer
than it would be if the court recognized fractions of a
day. Here we are compelled to hold that the judgment
was alive for the entire day of October 31, 1914, thereby
perhaps giving it validity for a few hours longer than
a period of seven years from the time of its actual ren-
dition; or to hold that the entire day of October 31,
1907, should be counted, in which event we would be
actually shortening the period of seven years by at least
eight or nine hours. Section 3103 of the Code above
quoted says that:

"All actions . . . shall be brought within seven
years *next* after the rendition of such judgment," etc.

We think the use of the word "next" in the above
section precludes the idea that the day on which the
judgment is rendered should be counted. As was well
said in the case of *Menges* v. *Frick*, 73 Pa. 137, 13 Am.
Rep. 731, in construing a statute of limitations:

"The act provides that actions for account shall be
commenced and sued 'within six years next after the
cause of such actions or suit, and not after.' There can
be no doubt that the cause of action in this case arose
on the day the timber was delivered. If that day is to
be excluded from the reckoning, the six years had not
expired when the suit was commenced. But why, even if
the words of the act are to receive a strict and literal
construction, should it not be excluded? 'Within six
years next after the cause of action or suit,' as applied
to the facts of this case, must necessarily mean within

six years next after the day on which the timber was delivered."

A careful examination of the authorities shows that the great weight of authority is in line with this decision. *Warren* v. *Slade,* 23 Mich. 1, 9 Am. Rep. 70; *Bemis* v. *Leonard,* 118 Mass. 502, 19 Am. Rep. 470; *Blackman* v. *Nearing,* 43 Conn. 56, 21 Am. Rep. 634.

*Reversed and remanded.*