Williams Bros. *et al. v.* Bank of Blue Mountain.

[95 South. 843.  No. 23137.]

1. COURTS. *Case triable at special term, if triable at preceding regular term.*

   A case is triable at a special term of the chancery court, if it were triable at a preceding regular term thereof.

2. EQUITY. *Where complainant sets cause for hearing before expiration of time allowed for taking testimony, answer filed taken as true.*

   Under section 1937, Code 1906 (Hemingway's Code, section 1597), which provides: "Two months shall be allowed for taking depositions after answer filed" (in the chancery court) "before the case shall be set down for hearing by the defendant," and section 603, Code 1906 (Hemingway's Code, section 363), which provides: "If the complainant shall set down the cause for hearing before the expiration of the time allowed for taking testimony, the answer shall be taken as true," a case may be tried at the option of the complainant at a trem of the court held less than two months after the filing of the defendant's answer, but, if he sets it down for hearing before the expiration of such time, the allegation of the answer must be taken as true.

3. TIME. *Method of computation of time allowed for filing depositions before case can be set for hearing by defendant stated; "months."*

   The two months that must be allowed for taking depositions after answer filed in the chancery court before the case can be set down for hearing by the defendant are calendar months, and in computing such a month time must be reckoned by looking at the calendar and not by counting the days, and when not coincident with the particular month named in the calendar such a month is the period of time from the day from which the month is to be computed to the day numerically corresponding thereto

in the following month, less one, if the following month has so many days, if not, to the last day thereof.

4. APPEAL AND ERROR. *Appellant not entitled to reversal for error against another defendant not affecting rights.*

One of the appellants is not entitled to the reversal of a judgment or decree, because of error therein against another defendant not affecting his rights in the case.

5. COURTS. *Decree pro confesso proper at regular term may be taken as subsequent special term.*

A decree *pro confesso*, which could have been taken at a regular term of the chancery court, may be taken at a special term held thereafter.

6. LANDLORD AND TENANT. *Crops of tenant not impressed with lien for attorney's fee stipulated in note given for rent.*

Section 2832, Code 1906 (Hemingway's Code, section 2330), which gives the landlord a lien on the crops of his tenant to secure the rent and advances made to the tenant, does not include an attorney's fee, consequently the crops of the tenant are not impressed with a lien for an attorney's fee which he agreed to pay in a note given the landlord for the rent, in event the note should be placed in the hands of an attorney for collection.

APPEAL from chancery court of Tippah county.

HON. JAS. G. MCGOWAN, Chancellor.

Suit by the Bank of Blue Mountain against R. H. Williams and another, a partnership, doing business under the name of Williams Bros., and W. R. Humphrey, J. B. Hughes, and others. From the decree rendered, defendants Humphrey and Hughes appeal. Reversed, and decree rendered.

The appellee sued R. H. and R. Williams, a partnership, doing business under the name of Williams Bros., on a note executed by them to Mrs. A. H. Williams for the rent of a plantation leased by them from Mrs. Williams, and joined as codefendants in the suit Mrs. Williams and several persons, among whom are W. R. Humphrey and J. B. Hughes, who had purchased cotton raised on the plantation by Williams Bros., and on which there was a lien in favor of Mrs. Williams for the rent due her by

Williams Bros.   The cause wa's heard at a special term of the court below.

The record contains only the pleadings, the process, and the decree rendered, which decree is as follows:

"This cause was this day heard on original bill, on answer of the Bank of Drew, on answer of Williams Bros., a copartnership composed of R. H. & R. Williams, on amended.and supplemental bill, on answer of the said Williams Bros., and the said Bank of Drew, to the said amended and supplemental bill, and on answers of O. F. Jackson and J. B. Hughes, and on service of process on W. R. Humphrey, and Humphrey & Co., and on judgment *pro confesso* as to the said Mrs. A. H. Williams and on the said W. R. Humphrey, and the said Humphrey & Co., which is the style of the firm of the said W. R. Humphrey, which judgment *pro confesso* is here rendered, it appearing that neither of the said defendants against whom it is rendered have appeared in court, although they were served with process sufficient to bring them before this court at this time; it is also heard on proof in open court, and the court, having heard said cause as above stated and having considered the same, does hereby decree as follows:

"That the Bank of Blue Mountain, the complainant herein, is entitled to recover on the note sued on in this case for the principal, interest thereon, and the attorney's fees therein provided, all of which aggregate one thousand seven hundred ninety-three dollars and fifty-five cents with six per cent. thereon from the date it was given. And the court does award in favor of the said Bank of Blue Mountain judgment for the aggregate amount, jointly and separately and primarily against the defendants Mrs. A. H. Williams, R. H. Williams, and R. Williams, for said amount and all cost, for which execution will issue.

"It is further decreed and found that judgment should be and is hereby rendered against W. R. Humphrey and Humphrey & Co. in the sum of one thousand seven hundred seven dollars, with interest thereon at six per cent. from

November 15, 1920, which interest amounts to one hundred fifty-three dollars and sixty-five cents, making a total of said judgment rendered against the said W. R. Humphrey and Humphrey & Co. to be one thousand eight hundred sixty dollars and sixty-five cents. However, judgment is only rendered against the said W. R. Humphrey for the said sum of one thousand seven hundred ninety-three dollars and fifty-five cents (the principal, interest, and attorney's fees of the note here sued on), and the cost of this suit, but in no event is the amount to be collected to be greater than the said sum of one thousand eight hundred sixty dollars and sixty-five cents, with interest thereon from this date at six per cent.

"It further appears that judgment should be and is hereby rendered against J. B. Hughes for the sum of two hundred fifty-six dollars, with interest thereon from November 15, 1920, at six per cent., which interest amounts to twenty-three dollars, and a judgment is rendered, therefore, for the said principal and interest for the aggregate sum of two hundred seventy-nine dollars, with interest from this date at six per cent.

"However it is further decreed that the said Humphrey & Co. and W. R. Humphrey are secondarily liable to the complainant bank for the judgment rendered against Mrs. A. H. Williams, R. H. Williams, and R. Williams, and execution will issue against the said three last-named defendants. Thereupon execution will issue against the said W. R. Humphrey, Humphrey & Co., and against the said J. B. Hughes for the principal, interest, attorney's fees of said note, with all costs of this suit. It is decreed that, in view of the fact that the joint judgment rendered against the said Humphrey & Co., W. R. Humphrey, and J. B. Hughes exceed the principal, interest, and attorney's fees of the note, that the said amount to be collected from W. R. Humphrey and Humphrey & Co. and the said J. B. Hughes shall be in proportion and on the basis of the respective judgments here rendered against them respectively.

"It is further decreed and so found that the complainant bank have and recover nothing from the defendant the Bank of Drew and the defendant O. F. Jackson, and the said suit is dismissed as to these two last-named defendants."

Summons was served on Humphrey and Hughes on December 27, 1921. Hughes' answer was filed on January 19, 1922, and the answers of several other defendants were filed at a later date. A regular term of the court below should, but seems not to, have been held on Monday, March 20, 1922, and a special term was called and convened on April 27, 1922, at which this cause was tried. The appeal is by Humphrey and Hughes.

*G. G. Lyell, S. D. Gwin* and *Will P. Searcy,* for appellant.

Was this cause properly triable at the April special term without the consent of Humphrey & Company? The record does not show whether the regular March term, which regular term would have convened for six days session on 3rd Monday of March, 1922, was held. If held, no action was taken to obtain a *pro confesso* against W. R. Humphrey & Company or W. R. Humphrey upon whom process had been served returnable to January Rules, 1922, which required an answer by February Rules.

Hence it was that this cause was not "properly triable" at the March term. For no *pro confesso* was taken, and two months had not elapsed from the filing of answers by other defendants that set up a good defense to the suit, that the landlord's lien was waived by permitting the tenants to market and sell the cotton in controversy, and the cause was not triable at the March term, if held, except by consent of all parties.

If the regular March, 1922, term was not held, it certainly cannot be said that the cause was properly triable at that time or term, for there must be term held for any cause

to be "properly triable" thereat. As to Humphrey, who had filed no pleadings, the cause could not be tried until a *pro confesso* had been taken. None was taken until April 28th, the second day of the special term.

How then can it be said that the cause as to Humphrey was triable at "the preceding regular term?" Being triable at the preceding regular March term was a condition precedent to trying the cause at the special April term. As before remarked, even if the regular March term was held, the cause was not properly triable thereat as to Humphrey because no *confesso* was taken and there could be no final decree without a *pro confesso.* *Hatto* v. *Brooks,* 33 Miss. 575.

The cause was not properly triable as to the other defendants at the March term, if held, for the reason that the answers of other defendants had not been filed for two months, and if the cause had been set down by complainant, the answers would have been taken as true. p. 363, Code 1906; p. 603; Hemingway's Code.

It follows that if the cause was not properly triable at the April special term, then the decree is void as to Humphrey & Company and W. R. Humphrey, and the decree should be reversed and cause remanded.

The court erred in holding that appellee had any lien on the cotton for attorney's fees provided for in the rent note. This is squarely settled in our favor by the decision of this court. *Okeefe* v. *McLemore,* 125 Miss. 394, 87 So. 855. Of course, it was proper for the court to render a decree in favor of the appellee for the amount of the rent note, principal, interest and the reasonable attorney's fees against the makers of that note, Williams Brothers, but under the above decision there is no lien upon the cotton for attorney's fees. Hence the court erred in holding to the contrary. R. 36, 37. Not only was this error, but reversible error, as held in above case.

The decree, R. 36, runs on this note for "one thousand seven hundred ninety-three dollars and fifty-five cents with

six per cent thereon from the date it was given." This
part of the decree is doubly erroneous: First, because it
adjudges attorney's fees as secured by the lien for rent;
Second. Because it adjudges the one thousand seven hun-
dred ninety-three dollars and fifty-five cents bears "six per
cent. from the date the note was given." The note on the
contrary provides for interest from November 15, 1920,
and not from its date, December 11, 1919.

The errors to which we have called attention necessitate
a reversal of the decree of the lower court and a remand of
this cause for a new trial.

*Thos. E. Pegram,* for appellee.

In the brief for W. R. Humphrey it is argued that the
case was not "properly triable" as against J. B. Hughes at
the regular March term of the court, for the reason that
two months had not elapsed since the filing of the answer
of the said Hughes. As a matter of fact the answer of
J. B. Hughes was filed on the 19th day of January, 1922,
and the third Monday of March, 1922, was March the 20th,
and this was the day fixed by the statute for the convening
of the regular March term of court. Hence two months
had elapsed between the filing of the answer and the said
regular term, and therefore, the complainant in said suit
had the right, if it desired, to have the case tried at the
regular March term. However, with all deference to the
distinguished counsel for the appellant, we fail to see any
logic in his position for, if J. B. Hughes and the other de-
fendants who had answered were in court and participated
in the trial, without objection (and none being shown
in the record, it is presumed that they agreed thereto) then
it would make no difference whether two months had
elapsed after the filing of the answer.

The case of *Hatto* v. *Brooks,* 33 Miss. 575, cited by op-
posing counsel, simply held that a trial of a cause could
not be forced at a special term of a court unless triable at

the preceding regular term.   In the first place, the case at
bar was triable at the preceding term of court by reason
of the expiration of the two 'months, and in the second
place there is nothing in this record to show that any trial
was forced upon any answering defendant herein.

There is nothing in this record to show that this cause
was even set down by the appellee at the time it was tried,
and certainly nothing to show that anything was done
over the protest or objection of the answering defendants.

Appellants seem to intimate that a judgment *pro confesso*
should have been taken prior to the trial of the case, other-
wise a decree entered on the trial is void.   The judgment
*pro confesso* against W. R. Humphrey is embodied in the
decree and this practice is approved in the case of *Ham-
brick* v. *Jones,* 64 Miss. 240.

As to the attorney's fees.   We concede that the statute
does not give the landlord a lien against the agricultural
products in the hands of third persons raised on the leased
premises as was held in the case of *O'Keefe* v. *McLemore,*
125 Miss. 394, and it is probable that the supreme court
should correct the decree in this respect, but there is cer-
tainly no occasion for a reversal of the case for this to be
done.   In other words, if it was proper for the lower court
to enter a judgment for the principal and interest of the
note sued on,. aggregating the one thousand six hundred
thirty dollars and fifty cents, and there seems to be no
question about this, what sound or reasonable rule pre-
vents this court from affirming the case for the last-named
amount with interest thereon from the date of the decree,
namely April 28, 1922.

Conclusion.   This case should not be reversed but should
be affirmed, but to be entirely frank with the court it
might probably be right to eliminate the attorney's fee in
the judgment here.   We think that the reading of the
whole decree discloses that the phrase: "From the date
it was given" does not refer to the date of the note, but,
if so, it is patent that that is not the effect of the decree.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). As we understand the assignments of error, they are to the effect that the court below erred. (1) in rendering a decree against Humphrey and Hughes at the special term, for the reason that the cause was not triable at the regular term; (2) in including in the decree against Humphrey and Hughes the attorney's fee agreed to be paid by Williams Bros. in the note sued on; (3) in taxing Humphrey and Hughes with all the costs incurred in the court below.

Another assignment of error does complain of the provision in the decree that Humphrey and Hughes are liable to the appellee "in proportion and on the basis of the respective judgments here rendered against them respectively." But we presume that this assignment is but another form of the assignment that no decree at all should have been rendered against Humphrey and Hughes, for, if the decree is otherwise correct, this provision seems to be unobjectionable.

It does not appear from the record by whom the cause was set down for hearing, or what parties or their counsel appeared and participated in the trial, but we will assume, for the sake of the argument, that it was set down for hearing by the complainants, and that none of the defendants or their attorneys appeared at the trial.

The trial of a case cannot be forced by either party against the will of the other at a special term of court, unless it were properly triable at the preceding regular term (*Commercial Bank* v. *Galloway,* 6 How. 515; *Hatto* v. *Brooks,* 33 Miss. 575), and the arguments in support of the first assignment of error are: (1) That the cause was not triable at the special term as to any of the defendants to the bill, for the reason that two months did not intervene between the filing of the answers of the various defendants other than Humphrey, and the time for the convening of the regular term of the court as required by section 1937, Code of 1906 (Hemingway's Code, section 1597); and (2)

that it was not triable as to Humphrey, for the additional reason that no decree *pro confesso* was taken against him either before or at a regular term of court.

The statute does not provide that a cause shall not be tried until the expiration of the two months from the filing of the answers, but that it shall not be set down for hearing by the defendant before the expiration of that time. It may be set down for trial by the complainant although such time has not elapsed, in which event the allegations of the answer must be taken as true. Sections 603 and 1937, Code of 1906; Hemingway's Code, sections 363 and 1597. This cause, therefore, was triable at the preceding regular term of the court at the option of the complainant, but, if it had been set down for trial by the complainant, the answers of the defendants must have been taken as true. Moreover, the objection that the cause was not triable at the special term, because two months did not intervene between the filing of the answers and the day on which the regular term should have convened, cannot be raised here by either Humphrey or Hughes, because of the provision of section 4944, Code of 1906 (Hemingway's Code, section 3220), that "one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting his rights in the case." Humphrey filed no answer, and two months intervened between the filing of Hughes' answer and the day on which the regular term should have been held.

The months contemplated by the statute are calendar months, section 1586, Code of 1906 (Hemingway's Code, section 1353), in computing which "time must be reckoned by looking at the calendar and not by counting the days," and when not coincident with the particular month named in the calendar such a month is the period of time from the day from which the month is to be computed to the day numerically corresponding thereto in the following month less one, if the following month has so many days; if not, to the last day thereof. *Migotti* v. *Colvill*, L. R. 4

4 C. P. D. 233; *Daley* v. *Anderson,* 7 Wyo. 1, 48 Pac. 839, 75 Am. St. Rep. 870. For example, a calendar month beginning on January 29th will end at twelve o'clock on the night of February 28th, and one beginning on January 30th will also end at the same date, February 28th, except in the years in which February has twenty-nine days, and then the calendar month will end at twelve o'clock on the night of February 29th. Computing the time from the filing of Hughes' answer on January 19th, the second of the two months expired at twelve o'clock on March 18th, or excluding the day of the filing, as to the necessity for which we express no opinion, the second of the two months expired on the night of March 19th. So that in either event two months intervened between the time of the filing of the answer and the 20th day of March, the day on which the regular term of the court was due to be held.

The cause was triable as to Humphrey at the regular term preceding the special term at which the decree herein was rendered, although no decree *pro confesso* had been theretofore or was then taken against him, a decree *pro confesso* being simply one step in the trial of the cause.

The second assignment of error as hereinbefore set out is confessed by the appellee. · The costs incurred in the court below by the appellant in attempting to collect the note from the defendants other than Humphrey and Hughes should not have been taken against either Humphrey or Hughes, but each of them should have been taxed with the costs incurred by the appellant in enforcing its claim against them and by them in defense thereof.

The decree of the court below will be reversed, and decree will be rendered here in accordance with this opinion.

*Reversed, and decree here.*