RAYL *et al. v.* THURMAN.

(Division B.   Sept. 30, 1929.   Suggestion of Error Sustained, Nov. 11, 1929.)

[123 So. 853.   No. 28344.]

(1)

2

[124. So. 432.]

For former opinion, see 123 So. 853.
For opinion on merits see 156 Miss. 8, 125 So. 912.

**J. W. Backstrom**, of Leaksville, for the motion.

**Currie & Currie**, of Hattiesburg, and **Jesse M. Byrd**, of Leaksville, opposed.

Argued orally by **N. T. Currie**, for appellant; and by **J. W. Backstrom**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The decree in this case, from which the appeal is prosecuted, was rendered on the 29th day of December, 1928.

The petition and bond for appeal were filed, and the bond approved, on June 29, 1929.

Appellee moves to dismiss the appeal, because, when prosecuted it was barred by the statute of limitations. The applicable statute of limitations, chapter 153, Laws 1926 (Hemingway's Code 1927, section 2650), follows: "Appeals to the supreme court shall be taken within six months next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed."

The motion to dismiss will be taken as a plea in bar of the appeal. Tutwiler v. Gibson, 117 Miss. 879, 78 So. 926. It will be observed that the statute provides, among other things, that appeals to the supreme court shall be taken "within six months next after the rendition of the judgment or decree complained of, and not after."

We think the appellee's motion must be sustained under the authority of Williams Bros. v. Bank of Blue Mountain, 132 Miss. 178, 95 So. 843, 845. In that case the court held: "The months contemplated by the statute are calendar months (section 1586, Code of 1906; Hemingway's Code, section 1353), in computing which 'Time must be reckoned by looking at the calendar, and not by counting the days,' and, when not coincident with the particular month named in the calendar, such a month is the period of time from the day from which the month is to be computed to the day numerically corresponding thereto in the following month less one, if the following month has so many days; if not to the last day thereof. Migotti v. Colvill, L. R. 4 C. P. D. 233; Daley v. Anderson, 7 Wyo. 1, 48 P. 839, 75 Am. St. Rep. 870. For example, a calendar month beginning on January 29th will end at twelve o'clock on the night of February 28th, and one beginning on January 30th will also end at the

same date, February 28th, except in the years in which February has twenty-nine days, and then the calendar month will end at twelve o'clock on the night of February 29th.''

The statute of limitations, it will be observed, provides that the appeal shall be taken *within* six months from the rendition of the judgment or decree appealed from. The decree in this case, as stated was rendered on the 29th day of December, 1928. There being no parts of days in law, the decree was alive and effective during the entire day of December 29, 1928; therefore that day is to be counted in determining how many calendar months transpired before the appeal was taken. The result is that the six calendar months within which appellant could have appealed expired at midnight on June 28, 1929.

Motion sustained.

### On Suggestion of Error.

**Ethridge, P. J.**, delivered the opinion of the court.

In the former opinion we relied upon the case of Williams Brothers v. Bank of Blue Mountain, 132 Miss. 178, 95 So. 843.

On a suggestion of error our attention has been called for the first time to the case of Hattiesburg Grocery Company v. Tompkins, 111 Miss. 592, 71 So. 866, in which opinion section 3103 of the Code of 1906 was construed. This section provides:

''All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after,'' etc.

In the course of the opinion Judge Sykes, speaking for the court, at page 595 of the Mississippi Report, 71 So. 866, says:

"Since the law knows nor recognizes any fractional part of a day in a case of this kind, and since the statute of limitations should be most liberally construed to keep the judgment alive as long as possible, it is our conclusion that justice demands that the court hold that the first day should be excluded. This may perhaps keep the judgment alive for a few hours longer than it would be if the court recognized fractions of a day. Here we are compelled to hold that the judgment was alive for the entire day of October 31, 1914, thereby perhaps giving it validity for a few hours longer than a period of seven years from the time of its actual rendition; or to hold that the entire day of October 31, 1907, should be counted, in which event we would be actually shortening the period of seven years by at least eight or nine hours. . . . We think the use of the word 'next' in the above section precludes the idea that the day on which the judgment is rendered should be counted. As was well said in the case of Menges v. Frick, 73 Pa. 137, 13 Am. Rep. 731, in construing a statute of limitations:

" 'The act provides that actions for account shall be commenced and sued "within six years next after the cause of such actions or suit, and not after." There can be no doubt that the cause of action in this case arose on the day the timber was delivered. If that day is to be excluded from the reckoning, the six years had not expired when the suit was commenced. But why, even if the words of the act are to receive a strict and literal construction, should it not be excluded? "Within six years next after the cause of action or suit," as applied to the facts of this case, must necessarily mean within six years next after the day on which the timber was delivered.' "

Section 2650 of Hemingway's Code 1927 (Laws 1926, chapter 153), reads as follows:

"Appeals to the supreme court shall be taken within six months next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed."

The words "next after" used in this section seem to us to mean the same as they meant in the case just quoted from. In other words, to adhere to the original opinion would be to define the same language to mean different things in the two statutes.

Coming to an examination of the case of Williams Brothers v. Bank of Blue Mountain, critically, and studying it along with the case of Hattiesburg Grocery Company v. Tompkins, we find that the court really pretermitted the question we are now confronted with as to when the statute began to run. At page 188 of 132 Miss. Reporter, 95 So. 843, 845, the court says:

"For example, a calendar month beginning on January 29th will end at twelve o'clock on the night of February 28th, and one beginning on January 30th will also end at the same date, February 28th, except in the years in which February has twenty-nine days, and then the calendar month will end at twelve o'clock on the night of February 29th. Computing the time from the filing of Hughes' answer on January 19th, the second of the two months expired at twelve o'clock on March 18th, or excluding the day of the filing *as to the necessity for which we express no opinion,* the second of the two months expired on the night of March 19th. So that in either event two months intervened between the time of the filing of the answer and the 20th day of March, the day on which the regular term of the court was due to be held."

The force of the words italicized in the above quotation were not fully impressed upon our minds in the consideration of the case originally, and we did not then

have the case of Hattiesburg Grocery Company v. Tompkins before us. The case of Hattiesburg Grocery Company v. Tompkins was not referred to in the Williams Brothers v. Bank of Blue Mountain opinion, nor does it appear to have been referred to in the briefs of counsel in that case.

The court has the right to assume that counsel have read and examined all cases pertinent to the question they are briefing before the court, and, where a case is not mentioned in briefs, the court may presume that counsel has found no such case after search. But, if counsel would carefully search the authorities when first presenting a question to the court, there would be but little need of suggestions of error. It is, of course, impossible for either counsel or the court to carry in memory all of the decisions decided by this court.

As the opinions of this court should be harmonized, if possible, to prevent conflicts of decisions and confusion of law, we sustain the suggestion of error to the end that the law may be in harmony.

Sustained.