LANGLEY *v.* STATE.

(Division A.   June 5, 1934.   On Suggestion of Error.)

[155 So. 682.   No. 31199.]

For former opinion, see 154 So. 544.

Martin & Berry, of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **Geo. L. Martin** and **Ovie L. Berry,** for the appellant, and by **W. D. Conn, Jr.,** for the state.

**Smith, C. J.**, delivered the opinion of the court on suggestion of error.

The appellant was convicted of having in his possession intoxicating liquor. The judgment of the court below was affirmed on a former day.

The appellant has filed two suggestions of error, one in the regular form, addressed to the merits of the case, and another in the form of a motion challenging the validity of the sentence and suggesting that the judgment of the court below be reversed in so far as it imposes sentence, and that the case be remanded to the court below for a proper sentence.

We must adhere to the affirmance of the case on its merits, and no question relative thereto is presented oᶠ sufficient character to justify a specific response thereto.

The challenge of the validity of the sentence presents a novel question. Section 1974, Code 1930, under which the appellant was convicted, provides that a person convicted thereunder shall be punished as follows: "By a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment in the county jail not less than one week nor more than three months, or both, for the first conviction under this section."

The sentence imposed was a fine of five hundred dollars and "a term of ninety days in the Simpson county jail." The appellant says that a term of ninety days in jail might exceed three months, and such would be the fact if the month of February composed a part of the ninety days. "The term 'month,' when used in any statute, means a calendar month, unless a contrary intention be expressed," section 1377, Code 1930, "in computing which 'time must be reckoned by looking at the calendar and not by counting the days,' and when not coincident with the particular month named in the calendar such a month is the period of time from the day from which the month is to be computed to the day numerically corresponding thereto in the following month less one, if the

following month has so many days; if not, to the last day thereof." Williams Bros. v. Bank of Blue Mountain, 132 Miss. 178, 95 So. 843, 845.

The appellant is therefore correct in saying that, when the month of February is included in the ninety-day period, more than three calendar months would be embraced therein, but such cannot be the case here. The appellant was enlarged on bail, and the statute, section 44, Code 1930, and his bail bond require him to "surrender himself to the sheriff of the county to suffer the judgment or sentence, if it shall be affirmed by the supreme court, within one week after the judgment of affirmance shall be certified to the circuit court." If the appellant complies with his duty under this statute, his term of ninety days cannot exceed three calendar months.

The suggestions of error will be overruled.