DOUGALL *v.* CARRIERE *et al.*

(Division A.   May 25, 1936.)

[168 So. 285.   No. 32248.]

Mize, Thompson & Mize, of Gulfport, for appellant.

**Ford & Ford,** of Pascagoula, for appellees.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Jackson county sustaining a demurrer to and finally dismissing a bill of complaint filed by the appellant, Wesley G. Dougall, seeking to confirm a tax title to land therein described.

The bill of complaint alleged that said land was duly and legally assessed for taxes for the year 1929, that on April 7, 1930, after legal advertisement, it was sold to Mrs. Evelyn Hunt Conner for the delinquent taxes for the year 1929, and that on May 5, 1932, the said Mrs. Evelyn Hunt Conner conveyed it to the appellant by quitclaim deed. There was no tax collector's deed exhibited with the bill, but there was filed as an exhibit thereto a copy of the record of tax sales to individuals

for the year 1930, showing a sale of said land on April 7, 1930, and the redemption or an attempted redemption thereof by C. A. Carriere on April 7, 1932, and the payment of the redemption money to Mrs. Evelyn Hunt Conner on April 14, 1932.

In disposing of this appeal, the only point necessary to be decided is whether or not the land in question was redeemed from the tax sale within the time allowed by law. The statute authorizing the redemption of land from tax sales, which is section 3264, Code of 1930, provides that: ''The owner, or any person for him with his consent, or any person interested in the land sold for taxes, may redeem the same, . . . at any time within two years after the date of sale.''

The law does not recognize any fractional part of a day in computing the period for the bar of an action or right by the lapse of time, and it is our view that, in order that two full years may elapse ''after the day of sale,'' the day of sale must be excluded. In the cases of Hattiesburg Grocery Co. v. Tompkins, 111 Miss. 592, 71 So. 866, and Rayl v. Thurman, 156 Miss. 1, 123 Miss. 853, 124 So. 432, the court had under review limitations provided by the words ''next after the rendition of such judgment or decree,'' and, in construing these provisions to require the exclusion of the day the judgment or decree was entered, the court seems to have attached some force to the word ''next'' in the phrase within seven years or within six months ''next after the rendition of such judgment or decree.'' But upon further consideration we can see no substantial difference in the meaning of the phrases ''within two years next after the day of sale,'' and ''within two years after the day of sale.''

The only import of the word ''next'' in the phrase is to make more definite and certain the intention to limit the time to the stated period immediately following the day of sale, but for this purpose it is mere repetition, as

the phrase "within two years after the day of sale" ·clearly and fully limits the period of time to that immediately following the day of sale. ○

In the case at bar the sale was made on April 7, 1930, and the land was redeemed on April 7, 1932, which was ''within two years after the day of sale.'' Consequently, the decree of the court below will be affirmed.

Affirmed.